MITCHELL FURNITURE COMPANY, Respondent, v. IMPE-
RIAL FIRE INSURANCE COMPANY, Appellant.

May 5, 1885.

1. INSURANCE—CONTRACTS—INTERPRETATION.—In construing a policy
of fire insurance, that construction must be given which will, if
possible, give effect to all its provisions.

2. ———. A special clause in a policy of fire insurance which creates
an exception to a general clause governs, the latter clause.

APPEAL from the St. Louis Circuit Court, LUBKE J.
*Reversed and remanded.*
HENRY T. KENT, for the appellant.
W. C. MARSHALL, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The question presented by this record is whether the
trial court properly sustained a demurrer to the defend-
ant's answer.

The plaintiff in its petition averred that the defendant
by its policy of insurance insured it against loss by fire
upon the following property, for the period of one year.
"On stock of furniture, carpeting, and other merchandise,
usually kept in furniture and carpet stores, looking
glasses, furniture materials, upholstery and upholstering
goods, their own, held in trust, on commission, or sold
but not delivered, contained in their five story brick build-
ing situated on the northeast corner of Twenty-Third
street and Lucas avenue, St. Louis, Missouri, in the sum
of sixteen hundred dollars." That during the life of the
policy the property was destroyed by fire, that the prop-
erty destroyed was worth over forty-one thousand dollars,
that the plaintiff complied with all the requirements of
the policy in regard to proofs of loss, but that the defend-
ant fails and refuses to pay.

The defendant's answer admits the issue of the policy,
and the destruction of the property by fire within the
life of the policy, but denies that the plaintiff furnished

such proofs of loss as the policy required, averring that in the proof of loss furnished, there was set out a large amount of goods, held by the plaintiff at the date of said fire on storage and for the purpose of repairs, which goods were consumed by fire, and that under the terms of the policy the defendant was not liable for the payment of said goods. That the policy issued, among others, contains the following provision: "This insurance does not apply to or cover goods held on storage or repairs, nor commissions on merchandise in hands of consignees, nor profits, nor plate, jewels, watches, precious stones, ornaments, medals, engravings, paintings and their frames * * * unless separately and specifically mentioned," and that there were no furniture or goods of any kind held by the plaintiff on storage or for repairs separately and specifically mentioned in said policy of insurance.

To this answer the plaintiff demurred on the ground that it does not state facts sufficient to constitute a defence. The trial court sustained the demurrer, and the defendant refusing to plead any further, the court rendered judgment against the defendant for fifteen hundred dollars, the amount of judgment prayed for in the petition.

In support of the demurrer we are referred to cases which hold that the words "goods held in trust," cover goods held upon any bailment, and are effectual to insure the goods themselves and not only the bailees' interest therein.—*Home Insurance Company* v. *Warehouse Company*, 93 U. S. 527; *Snow* v. *Carr*, 61 Ala. 363. These cases however fail to meet the exact question presented here. The question here is not whether the words held in trust are sufficient to include goods held for storage or repairs. That proposition may be conceded. The question is whether these words are a separate and specific mention of good held for storage or repairs, because it must likewise be conceded that goods may be held upon other trusts than for storage or repairs.

There is no difference in this regard between a contract of insurance and any other contract. All its clauses must be construed together and effect given to each, if it

reasonably can be done.— *Webb* v. *Insurance Company*, 14 Mo. 8. It was competent for the parties to except from the risk any part of the property covered by the general description.—*Fire Insurance Company* v. *Lemheim*, 89 Pa. St. 502; *Webb* v. *Insurance Co., supra.* If the exception were repugnant to the written parts of the policy, it would have to be rejected as contravening the manifest object had in view by the parties. If goods held for storage or repairs had been mentioned in express terms, it would not lie in the mouth of the insurer to say that they were not insured, because not separately and specifically mentioned. The exception does not require a schedule or enumeration of the goods, but it does require a designation which covers them and nothing else. This policy therefore must be construed on this subject as insuring goods held in trust except goods held for storage or repairs because as goods may be held on other trusts, we are not justified to hold that the words "in trust" are a separate and specific mention of goods held for storage and repairs.

It results from the foregoing that the demurrer to the answer was improperly sustained, and that the judgment of the lower court must be reversed and the cause remanded to be proceeded with in conformity with this opinion. It is so ordered, all the judges concurring.