MAUDE L. MEREDITH, Appellant, v. BUSINESS MEN'S ACCIDENT ASSOCIATION OF AMERICA, Respondent.

In the Kansas City Court of Appeals, June 11, 1923.

INSURANCE: Accident: Aeronautics: Where Insured Was Killed While a Passenger for Hire in an Aeroplane, Held His Death Was Within an Exception of Policy Which Did Not Cover Insured While Participating in Aeronautics. In an action to recover upon an accident policy for the death of plaintiff's husband killed by accident while riding as a passenger for hire in an aeroplane, *held* his death came within an exception of policy, it having occurred while "participating in aeronautics" which means sailing or floating in the air, and recovery could not be had therefor under clause providing "full indemnities shall be paid for injuries sustained or sickness contracted while the insured is engaged in games or sports for recreation," etc.

Appeal from the Circuit Court of Caldwell County.— *Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Davis & Ashby* for appellant.

*Solon T. Gilmore* for respondent.

ARNOLD, J.—This is an action to recover upon an accident insurance policy for the death of plaintiff's husband from external, violent and accidental means. The cause was tried to the court without the aid of a jury, upon agreed statement of facts, as follows:

"1.   That at the time of the death of Oscar O. Meredith, husband of the plaintiff, he held a policy issued by the defendant, by which it agreed to pay her the sum of $5000 in the event of his death from external, violent and accidental means, subject, however, to the terms and conditions set forth in said policy.

"2. It is further admitted that while said policy was in full force and effect, said Oscar O. Meredith was riding as a passenger for hire in an aeroplane, and was killed by a fall of said aeroplane.

"3. It is admitted that plaintiff has done all of the things required by her to be done under the terms of said contract.

"4. That the said policy shall be introduced in evidence, that all of its terms may be before the court.

"5. That defendant denies liability upon the ground that said Oscar O. Meredith lost his life as the result of injuries sustained while participating in or in consequence of participating in aeronautics.

"6. That if this defense is good under the terms of said policy, plaintiff is not entitled to recover; otherwise plaintiff is entitled to recover the sum of five thousand dollars, with interest at six per cent per annum from February 4, 1920.

"7. That a jury is waived and all questions as to pleadings are waived, including the filing of an answer."

The policy is set out in full in the abstract, but the only parts which we have to deal with in this review are as follows: Section 12, article 13, provides: "This policy does not cover any injury, fatal or otherwise, sustained by the insured while under the influence or suffering from the effects of any liquor or narcotic; nor any injury, fatal or otherwise, contributed to or effected by disease, bodily or mental infirmity, hernia, orchitis, fits, vertigo, sleep-walking, or medical or surgical treatment; nor any injury, fatal or otherwise, intentionally inflicted by the insured (sane or insane) or by any other person (sane or insane) except it be established that the assault was committed for the sole purpose of burglary or robbery; nor any injury, fatal or otherwise, sustained by the insured while participating in or in consequence of having participated in aeronautics, or while riding a motorcycle, or while violating any law."

And that part of section 10 of article 13, which reads:

"In the event the insured is injured, fatally or otherwise, or contracts sickness after having changed his occupation to one classified by the Association as not eligible, or while doing any act or thing pertaining to any occupation so classified, no indemnities shall be payable. Provided, however, that full indemnities shall be paid for injuries sustained or sickness contracted while the insured is engaged in games or sports for recreation or while performing ordinary duties about his residence."

The policy was issued August 29, 1913. The petition alleges that on the 27th day of September 1919, and during the life of said policy, while Oscar O. Meredith, the insured, "was riding, as a passenger for hire in a public conveyance, using gasoline or other substance as a motive power, to-wit, an airplane, at Breckenridge, Missouri, he was injured by reason of said airplane, upon which he was a passenger colliding with the ground; that said injury caused the death of said Oscar O. Meredith, and said death occurred almost immediately as a direct result of said collision and said injury and death was effected through external, violent and accidental means and independent of all other causes, to-wit, the collision of said airplane with the ground as aforesaid."

Plaintiff was the wife of Oscar O. Meredith and the beneficiary named in the policy. Defendant denied liability and this suit followed. The finding and judgment of the court were for defendant and plaintiff appeals.

The only point presented for our determination on this appeal is the intent and meaning of that clause in the policy quoted from section 12, article 13. It is urged that as a general rule, a policy of accident insurance is to be liberally construed as against the insured and strictly construed as against the insurer, in the event there is ambiguity in the contract. The correctness of this rule is not denied by defendant and we need not discuss it. The question for our solution is as to whether or not the language of the policy is ambiguous as used in the clause under discussion.

Plaintiff urges that the word "participate," as used in the policy, has a technical meaning, to-wit, sharing in any and all profits accruing to the company or class to which the participator belongs. In other words, that it means here, the business of sailing the air. It is also contended that the word "aeronautics" as used in the policy has no reference to an airplane, as aeronautics pertains principally to sailing or navigating the air by means of gas balloons.

It is apparent this is an attempt to restrict the meaning of these words in a manner that cannot be sanctioned. The verb "to participate" as defined by Webster, means "to have a share in common with others; to take part; to partake." There is no implied meaning of contributing effort, nor that one participating is the creator or cause of that in which he participates. The word "aeronautics" is defined by Webster as "the science or art of ascending or sailing in the air. . . ." The Standard dictionary defines it as "the art or practice of sailing or floating in the air. . . ." We therefore construe the words "participating in aeronautics" to mean to share in sailing or floating in the air.

But all this justly may be considered as hair-splitting distinctions, and after all, the contract must be construed as all contracts are, to-wit, by determining the intent of the parties thereto, and in applying this rule, the contract will be construed in the light of all its terms and each clause thereof given a meaning. It was held in Meyer v. Christopher, 176 Mo. 580, l. c. 594: "Courts construe contracts and ascertain their meaning from all of the provisions of the contract, and not from single words or phrases, or sentences, and when the intention of the parties is thus ascertained, that intention will be effectual unless it violates some inexorable rule of law." [See, also, Burress v. Blair, 61 Mo. 133; Mitchell Furn. Co. v. Ins. Co., 17 Mo. App. 627; Pabst Brewing Co. v. Ins. Co., 63 Mo. App. 663; Webb v. Ins. Co., 14 Mo. l. c. 8.]

The contract of insurance in the case at bar clearly contemplates the classification of occupations as to the hazard of the risks, and the right exists in the insurer to protect itself from extraordinary hazards. The premium rate is thereby fixed. The company therefore has the right to limit the insured in his indulgences in hazards not within the terms of the policy. The plain intent and object of the insurer in section 12, article 13, was to place without the operation of the policy extra-hazardous undertakings, such as participating in aeronautics and riding motor cycles. These being extra-hazardous undertakings, naturally would increase the probability of injury to persons engaging in them.

It is argued by plaintiff that if this court should find that she is wrong in her construction of the clause relating to participation in aeronautics, still she should be allowed to recover under the clause above quoted from section 10, article 13, providing "full indemnities shall be paid for injuries sustained or sickness contracted while the insured is engaged in games or sports for recreation," etc.

This clause is not applicable because it refers to the reduction in indemnities on change of occupation and providing that those indemnities shall not be reduced if the insured is engaged in games or sports. Inasmuch as the policy specifically provides that no indemnity whatever shall be payable for injury, fatal or otherwise, while participating in aeronautics, and the clause quoted does not provide for any increase because the insured is engaged in games or sports, it would be a strained construction that would bring the insured in this case within the indemnities provided in the recreation clause.

We realize that this is a case of first impression in this State, but the basic principles involved have been applied in the construction of contracts. Our attention is called to the case of Travelers' Ins. Co. v. Peake (Fla.), 89 So. 418, where it is said:

"A passenger in an airplane flying in the air, whether he takes part in the operation of the airplane or not,

is 'participating in aeronautics' within the intent and meaning of the provisions specifically excepting such a risk from the indemnity contract contained in the policy.''

In Bew v. Ins. Co. (M. J.), 112 Atl. 859, the court said:

''Is a passenger in a balloon, which is not directed or propelled by any but natural forces, a participant in sailing or navigating in the air? Is an observer in a military plane, who is not piloting it, participating in aviation? Is a military bomber, who does not touch the controls of the plane, a participant in aviation? Is the pilot of an airplane which carries an observer or photographer or the operator of a machine gun over enemy lines, but merely drives his machine, participating in military activities?

''It seems to me that the answer to all these queries must be in the affirmative, although the individual in question is not the active agent. The purpose of his flight has no influence upon the question of whether or not he is participating in aeronautics. His presence in the plane makes him a participant in the flight, which is aeronautical.''

These cases ably support us in our conclusions that the finding and judgment of the trial court are proper and should be sustained. Finding no reversible error in the case, the judgment is affirmed. All concur.