CHARLOTTE PETERS, Plaintiff, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Monroe County, March 22, 1929.

*Dutcher Brothers* [*Arthur G. Dutcher* of counsel], for the plaintiff.

*Weldgen, Greene & Newton* [*Floyd G. Greene* of counsel], for the defendant.

RODENBECK, J. The defendant insured plaintiff's husband against death resulting from bodily injuries caused solely through external, violent, and accidental means, except where such death resulted " from having been engaged in aviation or submarine operations or military or naval service in time of war." He was

killed while riding as a passenger in an airplane, and it is now claimed that his death resulted while " engaged in aviation," and that the phrase " in time of war " does not apply to this situation. The clause quoted above is ambiguous, it is apparent, from the opposing constructions which the plaintiff and the defendant have placed upon it.

One of the contentions of the plaintiff is that the exceptions were intended to apply only to an accidental death occurring while engaged in aviation in time of war. This construction seems to be a reasonable one, considering the punctuation employed. If the author of the language intended to apply the expression " engaged in aviation " without limitation as to the time of such engagement, and to limit the expression " in time of war " to the last antecedent, he would have placed a comma after the word " aviation " and also one after the word " operations." Such punctuation would clearly show that he intended to limit the expression " in time of war " to the last antecedent, but, as he has omitted this punctuation, it is reasonable to assume that he had in mind the danger from the risk incident to accidental death in time of war. This was a risk that might well be guarded against. The deaths from this cause might be so numerous as to ruin an insurance company. It appears from the clause following the one under construction that the author of the provision clearly had in mind a risk that might accompany war time conditions, for in the succeeding clause he exempts the company from accidental death resulting " from a state of war, riot or insurrection." In the clause under consideration he had in mind the danger from service, in time of war, in the air, under the sea, and on the surface of the land and sea, and so he provided against accidental death in all three cases, and followed that clause with an exemption where there was no actual war but a state of war, riot or insurrection. It is inconsistent to say that the author of the provision had in mind the risk from aviation and submarine operations in time of peace, as well as in time of war, and the risk from military and naval service, which involves aviation and submarine operations, only in time of war. If he limited the risk from military and naval service, which includes aviation and submarine operations, to time of war, he must have had the same limitation in mind when he used the terms " aviation " and " submarine operations," particularly since these terms are not set off by commas.

But even if this phrase " in time of war " should not be held to apply to the other antecedents in this clause, the expression " engaged in aviation " should not include a passenger taking an occasional ride in an airplane. If it was so intended, the language

is inept and ambiguous and should not be construed against the insured. If it was intended to except occasional rides in an airplane by a passenger, the author of the language should have employed some other expression, such as " participating in " used in *Bew* v. *Travelers' Ins. Co.* (95 N. J. Law, 533); *Travelers Ins. Co.* v. *Peake* (82 Fla. 128), and *Meredith* v. *Business Men's Accident Assn. of America* (213 Mo. App. 688; 252 S. W. 976). Not having done so, the expression " engaged in aviation " should be given its ordinary meaning and the impression that would be made upon the mind in reading the clause. The word " engaged," as thus employed, gives the impression that it means " something more than occasional participation." (*People* v. *Bright*, 203 N. Y. 73, 78.) It gives the impression of participation as an occupation. When it is said that a man is engaged in aviation, the impression is immediately created that he follows aviation as an occupation, the same as if it were said that he was engaged in engineering or any other occupation or profession. If aviation was not an occupation, the interpretation of the defendant might be given to the expression. It is not equivalent to such an expression as engaged in automobiling or tobogganing or any other means of enjoyment that are not distinct occupations. If the expression employed was " engaged in railroading," it could not be said that a passenger was included in that language because he was riding in a train.

The rule that should be applied here is that which requires a construction against him who is responsible for the ambiguity in the language employed. The plaintiff is entitled to recover.

So ordered.