DOROTHY Y. PRICE, *Plaintiff in Error*, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Defendant in Error*.

Division B.

Opinion filed December 7, 1929.

*Stanton Walker* and *George M. Powell,* for Plaintiff in Error;

*Cooper, Knight, Adair, Cooper & Osborne; Spalding, MacDougald & Sibley,* of Atlanta, Georgia, and *Eugene R. Black,* of Atlanta, Georgia, for Defendant in Error.

W‍HITFIELD, P. J.—The amended declaration filed here is as follows:

"The plaintiff, Dorothy Y. Price, by her under-signed attorneys, by leave of court first had and obtained, files this her amended declaration, and sues the defendant, The Prudential Insurance Company of America, a corporation doing business in the State of Florida, for this that heretofore on, to-wit: the 4th day of December, A. D. 1925, the said defendant, for a valuable consideration as mentioned in said policy, issued to one John W. Price, then and there the husband of plaintiff, its policy of insurance, a true copy of which said policy of insurance is attached to the plaintiff's original declaration herein, and the same is hereby made a part of this amended declaration as fully and to the same extent as if set out herein in *haec verbe;* and in and by its said policy of insurance, the said defendant thereby promised and agreed to pay to the beneficiary therein named, to-wit: the plaintiff, in the event of the death of the said John W. Price during the continuance of said policy, in the terms of said policy and upon the conditions thereto annexed, the sum of Fifty Thousand ($50,000.00) Dollars; and in and by the said policy of insurance, the said defendant further promised and agreed to pay to the beneficiary therein named, to-wit: the plaintiff, in the event of the death by accident of the said John W. Price, as defined in said policy and in addition to the face amount of insurance as aforesaid, the sum of Fifty Thousand ($50,000.00) Dollars;

And plaintiff further alleges and avers the truth to be that thereafter, during the continuance of said policy, and on, to-wit: the 2nd day of January, A. D. 1927, the said John W. Price died by accident as defined in said policy, that is to say: that on said day, to-wit: the 2nd day of January, A. D. 1927, at or near Paxon Field in Duval County, Florida, and while the said John W. Price was in a certain airplane, a more particular description of which is to the plaintiff unknown, the said airplane fell to the ground and caught fire, and that by reason of the said airplane falling to the ground and catching fire as aforesaid, and directly and independently of all other causes, the said John W. Price was bruised and burned, and said bruises and burns were then and there effected solely through external, violent and accidental means as aforesaid, and as a result of said bruises and burns, so affected and suffered by the said John W. Price solely through external violent and accidental means as aforesaid, and directly and independently of all other causes, the said John W. Price on the day and date, and at the time and place in and in the manner aforesaid, died; of all which the said defendant has had due notice.

And plaintiff further alleges and avers the truth to be that plaintiff, at the time of the issuance of the said policy and at the time of the death of the said John W. Price, was the wife of the said John W. Price, and that the said plaintiff is the person named in said policy as beneficiary therein, and is the beneficiary thereunder; and that as such and by reason of the premises, the said plaintiff became and was, and still is entitled to have and receive of and from the said defendant the sum of One Hundred Thousand ($100,-000.00) Dollars, together with legal interest thereon

from the said 2nd day of January, A. D. 1927, as in said policy provided; and although the said John W. Price and said plaintiff have well and truly done and performed all and singular the matters and things upon their or either of their parts to be done under said policy to entitle plaintiff to receive said moneys, and all conditions have been performed and fulfilled, and all events and things existed and happened, and all periods of time have elapsed to entitle the plaintiff to performance by the defendant of the said contract, and to entitle plaintiff to the said sum of One Hundred Thousand ($100,000.00) Dollars, and nothing has occurred to prevent the plaintiff from maintaining this action, yet the said defendant has not yet paid or made good to the said plaintiff the said sum, excepting the sum of Fifty Thousand ($50,000.00) Dollars, and although often requested, has refused and still refuses so to do;

And plaintiff further alleges and avers the truth to be that by reason of the premises and the fact that said plaintiff has been forced to bring and prosecute this suit to recover the said sums due her as aforesaid, that said plaintiff has become and is entitled to have and recover of and from the said defendant, and in addition to the said balance due her and interest thereon as aforesaid, and as a part of any judgment rendered in her favor herein, a reasonable sum as fees or compensation for her attorneys herein for prosecuting this suit; and plaintiff alleges that the sum of Seven Thousand, Five Hundred ($7,500.00) Dollars is a reasonable sum for such fees or compensation for her said attorneys as aforesaid.

WHEREFORE, the said plaintiff brings this, her suit, and claims the said balance due her under the said

policy as aforesaid and the interest thereon and said sum for attorney's fees or compensation, and damages in the sum of One Hundred Thousand ($100,000.00) Dollars.''

The pertinent portions of the insurance policy sued on are as follows:

''The Prudential Insurance Company of America.

IN CONSIDERATION of the Application for this Policy, which is hereby made part of this contract, a copy of which Application is attached hereto, and of the payment, in the manner specified, of the premium herein stated, hereby insures the person herein designated as the Insured, for the amounts named herein, payable as specified, subject to the provisions on the second and third pages hereof, which are hereby made part of this contract.

THE INSURED—JOHN W. PRICE.

FACE AMOUNT OF INSURANCE — FIFTY THOUSAND DOLLARS, payable immediately upon receipt of due proof of the death of the Insured during the continuance of this Policy, at the Home Office of the Company, in Newark, New Jersey.

ACCIDENTAL DEATH BENEFIT—FIFTY THOUSAND DOLLARS, payable in addition to the Face Amount of Insurance, at the Home Office of the Company, in event of death by accident as defined in the clause headed 'Provisions as to Accidental Death Benefit,' on the second page hereof, subject to the provisions therein set forth.

PAYABLE TO DOROTHY Y. PRICE, Beneficiary, Wife of the Insured.

### PROVISIONS AS TO ACCIDENTAL DEATH BENEFIT.

The amount of Accidental Death Benefit specified on the first page hereof shall be payable in addition to the Face Amount of Insurance immediately upon receipt of due proof that the death of the Insured occurred during the continuance of this Policy while there was no default in the payment of premium, as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and that such death occurred within sixty days of the accident, provided, however, that no Accidental Death Benefit shall be payable if the death of the Insured resulted from suicide—whether sane or insane; from having been engaged in aviation or submarine operations or in military or naval service in time of war; or from a state of war, riot or insurrection; or directly or indirectly from bodily or mental infirmity or disease in any form.''

The defendant interposed a demurrer upon the following grounds:

''1. Said amended declaration does not state a cause of action.

2. It affirmatively appears from said amended declaration that the alleged accidental death of the said John W. Price created no liability upon this defendant under the accidental death benefit provisions of said insurance policy sued upon.

3. It affirmatively appears from said amended

declaration that said John W. Price was engaged in aviation when his alleged accidental death occurred.

4. It affirmatively appears from said amended declaration that the policy of insurance sued under provides no additional death benefit for the death of the insured in the manner and by the means said alleged accidental death of said John W. Price occurred.

5. It affirmatively appears from said amended declaration and the policy of insurance made a part thereof, that this defendant specifically excepted from its promise to pay an additional benefit for the accidental death of the insured, the death of the insured in the manner and by the means in said amended declaration alleged.

6. It affirmatively appears from said amended declaration that the death of the said John W. Price resulted from his having been engaged in aviation and that all sums of money payable by the defendant to the said John W. Price's beneficiary under said policy of insurance have been paid to the beneficiary therein named.''

The court sustained the demurrer ''upon the several grounds thereof''; and the plaintiff declining to further amend, the court rendered final judgment for the defendant. On writ of error the plaintiff assigns as error the order sustaining the demurrer to the amended declaration and the rendering of final judgment for the defendant.

The question to be determined is the legal meaning and effect of the exception contained in the policy, viz: ''no accidental death benefit shall be payable if the death of the insured resulted * * * from having been engaged

in aviation or submarine operations or in military or naval service in time of war.''

A policy of insurance is designed to secure the indemnity stated in the policy, and the terms used should be so construed as to effectuate the purpose designed, ambiguous provisions being fairly construed in favor of the beneficiary .of the policy, the purpose of the contract being indemnity. Insurance companies are bound by their valid contracts of insurance, and where a risk is included in or covered by the indemnity contract and is not clearly excepted from the risks assumed by the insurer, the indemnity should be enforced in accordance with the legal meaning and effect of the contract which should be fairly interpreted by a just consideration of the language used, the subject matter and the object of the indemnity provisions.

The beneficiary of the policy contends that the language ''engaged in aviation or submarine operations or in military or naval service in time of war,'' being used in the policy without any punctuation, excepts from the provisions of the policy indemnity for the accidental death of the insured, only when such death resulted from being ''engaged in aviation * * * in time of war;'' that the fatal accident was not ''in time of war'' and that the insured was not ''engaged in aviation operations but was merely in an airplane when fatally injured''; while the insurer insists that the exception ''engaged in aviation operations'' applies in time of peace as well as in time of war and that any participation in flights by airplane makes the participant ''engaged in aviation operations'' within the meaning of the policy.

The policy provides ''that no accidental death benefit shall be payable if the death of the insured resulted from suicide—whether sane or insane; from having been engaged in aviation or submarine operations or in military or

naval service in time of war; or from a state of war, riot or insurrection; or directly or indirectly from bodily or mental infirmity or disease in any form." Relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire text. 36 Cyc., p. 1123.

The phrases "from having been engaged in aviation or submarine operations or in military or naval service in time of war" are between two semicolons. The phrases "aviation or submarine operations" and "military or naval service" are joined without punctuation by the words "or in," and the last phrase is followed without punctuation by the words "in time of war." Do the last quoted words qualify the more remote phrase "aviation or submarine operations" as well as the next preceding phrase "military or naval service?" The phrases contain different nouns. The meaning of "operations" and "service" is not the same. The word "service" has more direct relation to war. Engaging in aviation or submarine operations is distinctly hazardous at any time, while engaging in military or naval service is peculiarly hazardous only in time of war. Therefore, there was good reason to except risks in military or naval service only "in time of war" and to except at all times the risks of aviation and submarine operations. The use of the words "or in" to join the two phrases describing materially different hazards, indicates that the two phrases do not and were not intended to express a single or continuing thought, and that the qualifying phrase "in time of war"; was intended to refer to the next preceding phrase "military or naval service" and not also to the more remote phrase "aviation or submarine

operations." See contra, Peters v. Prudential Ins. Co., 233 N. Y. Supp. 500.

In this case the context does not require or justify a construction that the qualifying phrase applies to other than the next preceding phrase, and there is no real ambiguity requiring a construction against the insurer and in favor of the insured. See 32 C. J. 1158.

The provision that no accidental death benefit shall be payable if the death of the insured resulted "from having been engaged in aviation * * * operations," means that the death of the insured must have resulted from having taken part in aviation operations other than by merely being in an airplane when it fell to the ground and caught fire thereby fatally injuring the insured. Being "engaged in aviation operations" means taking part in the operations of an airplane in some direct way other than merely participating in aeronautics by being in an airplane while it is in the air. Peters v. Prudential Ins. Co., 233 N. Y. Supp. 500, text 502; Masonic Acc. Ins. Co. v. Jackson, — Ind. —, 164 N. E. R. 628, 61 L. R. A. 840.

It is alleged that the insured "was in a certain airplane," which "fell to the ground and caught fire" whereby the insured "was bruised and burned" solely through such external, violent and accidental means, and as a result of said bruises and burns the insured then and there died. The allegations do not show that the fatal accident occurred while the insured was "engaged in aviation operations," therefore the amended declaration was not subject to the stated demurrer. In Trav. Ins. Co. v. Peake, 82 Fla. 128, 89 So. R. 418, the exception covered injuries received "while participating in or in consequence of having participated in aeronautics." See Bew v. Trav. Ins. Co., 95 N. J. Law 533, 112 Atl. R. 859, 14 A. L. R. 983; Meredith v. Bus. Men's Acc. Assn., 213 Mo. App. 688, 252 So.

W. R. 976; Pittman v. Lamar Life Ins. Co., 17 Fed. (2nd) 370.

Reversed for appropriate proceedings.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.