**KANSAS CITY LIFE INS. CO. v. WELLS.**
**WELLS v. KANSAS CITY LIFE INS. CO.**
Nos. 12437, 12438.

Circuit Court of Appeals, Eighth Circuit.
Feb. 10, 1943.

Howard G. Fuller and Fuller & Powers, all of Fargo, N. D. (R. B. Lucas and Joseph R. Stewart, both of Kansas City, Mo., on the brief), for Kansas City Life Ins. Co.

E. T. Conmy and Conmy & Conmy, all of Fargo, N. D., for Florence Wells.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The appellee, as beneficiary, brought this suit to recover on the double indemnity provision of a life insurance policy issued by the defendant on the life of Ned Wells who was instantly killed near Moorhead, Minnesota, on October 30, 1941, in the crash of a common carrier airplane in which he was riding as a paid passenger. The defendant paid the face of the policy but refused to pay the double indemnity, and this suit resulted. The case was submitted to the court without a jury, judgment was rendered for the plaintiff, and the defendant appeals.

The double indemnity rider attached to the policy provided that if the insured should die from accidental means the insurance company would pay $5,000 in addition to the sum to be paid as ordinary life insurance, with no liability, however, if death resulted from participation in aeronautics or submarine operations.

The policy was issued under date of May 18, 1929, by the defendant at its home office in Kansas City, Missouri, to the insured, a resident of Colby, Kansas. The case was brought and tried in the district court of North Dakota. Jurisdiction is predicated upon diversity of citizenship and the requisite amount demanded.

■ A preliminary issue in controversy is in the field of conflict of laws. The plaintiff contends that the policy is a Kansas contract and must be construed according to the law of that state, and the defendant contends that the policy by its terms was to be performed in Missouri and must, therefore, be interpreted by the laws of Missouri. The parties concede that in diversity of citizenship cases the conflict of laws rules prevailing in the courts of a state must be applied by the federal courts sitting in the same state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 503, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462; Order of United Commercial Travelers v. Meinsen, 8 Cir., 131 F.2d 176, 179. Since the case was tried in the federal court of North Dakota, the rules that would be applied in the courts of that state were the case pending in the state court are controlling.

Section 5906, Compiled Laws North Dakota 1913, provides: "A contract is to be interpreted according to the law and usage of the place where it is to be performed, or if it does not indicate a place of perform-

ance, according to the law and usage of the place where it is made."

The courts of North Dakota apply this statute in cases of conflict. In the case of Cosgrave v. McAvay, 24 N.D. 343, 139 N.W. 693, 695, a contract to be performed in Minnesota was involved and the Supreme Court of North Dakota said: "Under our statute (section 5350, R.C.1905 [now § 5906 C.L.,N.D. 1913]) these several contracts are 'to be interpreted according to the law and usage of the place where it is to be performed.' Had the place of payment not been stipulated, under section 5350 the contracts would have been interpreted 'according to the law and usage of the place where it is made.'"

Since the validity of the policy is not in dispute the decisions of the Supreme Court of North Dakota in Douglas County State Bank v. Sutherland, 52 N.D. 617, 204 N.W. 683, and Storing v. National Surety Co., 56 N.D. 14, 215 N.W. 875, relied upon by the plaintiff, are not in point.

In the instant case the policy provided that the life insurance should be payable "at the Home Office of the Company, in Kansas City, Missouri." All premiums, except the first, were made payable at the home office also. The double indemnity rider does not expressly state where the insurance or the premiums shall be payable, but the rider is attached to and made a part of the policy; and the annual premium paid covered the life insurance and the double indemnity benefit for accidental death. The court properly held that the contract was to be performed in Missouri and that its interpretation is controlled by Missouri law.

The appellant insurance company very earnestly contends that although it was correctly held that the interpretation of the policy is controlled by Missouri law, the court erred in the application of that law in holding that the insured, "a paid passenger on an aeroplane, did not meet his death from participation in aeronautics or submarine operations." It is urged that the decision of the Kansas City Court of Appeals in Meredith v. Business Men's Accident Ass'n, 213 Mo.App. 688, 252 S.W. 976, 977, is conclusive and binding on the court in this case. In the cited case the court construed the exclusion clause of an insurance policy reading, "This policy does not cover any injury * * * sustained by the insured while participating in * * * aeronautics", and held that the insurer was not liable for the accidental death of an insured passenger while riding on an airplane. The defendant insists that this interpretation of the words "participating in * * * aeronautics" has been approved by the courts of Missouri in Flanders v. Benefit Association of Railway Employés, 226 Mo.App. 143, 42 S.W.2d 973, and Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99, 57 A.L.R. 615. In the Flanders case the St. Louis Court of Appeals construed the words "engaged in aeronautics" [226 Mo.App. 143, 42 S.W.2d 974], holding that these words do not apply to one riding in an airplane as a passenger, but distinguished "engaged in" from "participated in". The Wendorff case involved the construction of an accident insurance policy excluding from liability "injuries * * * sustained by the insured * * * while in or on any vehicle or mechanical device for aerial navigation, or in falling therefrom or therewith or while operating or handling any such vehicle or device." [318 Mo. 363, 1 S.W.2d 100, 57 A.L.R. 615.] The Meredith case is cited by the court only as an authority on the purpose of an exemption clause in an accident policy.

In the instant case the court in its opinion said: "In the present instance we are dealing with a phrase worded somewhat differently from that in either the Meredith or Flanders decisions. The contract here provided an exclusion where death was caused *'from participation in aeronautics or submarine operations.'* There is no comma after 'aeronautics' so that the word 'aeronautics' apparently modifies the word 'operations.'" [46 F.Supp. 754, 757.]

The ultimate question presented is whether the words "participation in aeronautics or submarine operations", as used in the policy in this case, indicate a different meaning than the words "participating in * * * aeronautics", as used in the Meredith case. The insurance company assails the distinction made by the court on the ground that the noun "aeronautics" cannot modify the noun "operations" and that the meaning of the first phrase will be the same if a comma be inserted therein after the word "aeronautics".

In construing the policy in the present case the federal court must be guided, as stated supra, by the rules of interpretation applied in the courts of Missouri. Two of these rules are pertinent here. The first one is stated in the Meredith case, supra, page 978 of 252 S.W. as follows:

"* * * the contract must be construed as all contracts are, to wit, by determining the intent of the parties thereto, and, in applying this rule, the contract will be construed in the light of all of its terms, and each clause thereof given a meaning." Citing Mayer v. Christopher, 176 Mo. 580, 594, 75 S.W. 750, 754; Burress v. Blair, 61 Mo. 133; Mitchell Furn. Co. v. Imperial Fire Ins. Co., 17 Mo.App. 627, and other Missouri cases.

■ The second pertinent rule is stated in the Wendorff case, supra, page 101 of 1 S.W.2d, as follows: "In the construction of the policy, the rules to be followed are well settled. The policy is a contract. Plain and unambiguous language must be given its plain meaning. The contract should be construed as a whole; but, in so far as open to different constructions, that most favorable to the insured must be adopted." Citing authorities.

The complete clause to be interpreted in the present case reads: "* * * there shall be no liability hereunder for death resulting from self-destruction, while sane or insane, or from participation in aeronautics or submarine operations, or from military or navy service."

The first criticism of the court's interpretation of this clause is that it violates grammatical usage in that it construes the word "aeronautics", a noun, as an adjective modifying the noun "operations". It will be observed, however, that the word "aeronautics" is often used in statutes and contracts, as in the case of many words, both as a noun and as an adjective. Missouri State Life Ins. Co. v. Martin, 188 Ark. 907, 69 S.W.2d 1081, 1085, 1086; The Anthony D. Nichols, D.C.N.Y., 49 F.2d 927, 932. In the Martin case the words "aviation" and "submarine" were held to be used as adjectives in an exemption clause reading "participation in aviation or sub-marine operations." [188 Ark. 907, 69 S.W.2d 1085.]

In the federal Civil Aeronautics Act of 1938, 49 U.S.C.A. § 401 et seq., the word "aeronautics" is used as an adjective not only in the title of the Act but also in the phrases "Civil Aeronautics Authority", "Civil Aeronautics Board", and "Civil Aeronautics Regulations".

In the clause of the policy now under consideration the writer did not hesitate to use the words "submarine" and "navy" as adjectives, although these words are ordinarily used as nouns. It cannot reasonably be said, therefore, that to interpret the words "aeronautics" and "submarine" in the phrase "aeronautics or submarine" as adjectives modifying "operations" is a strained construction.

■ The defendant, in order to rely upon the decision in the Meredith case, must construe the clause as if there were a period after the word "aeronautics", but this would violate the rule that a contract must be construed as a whole and in the light of all of its terms. Defendant further contends that the meaning is the same as if there were a comma after "aeronautics", and that punctuation at any rate is not a part of the English language. It is true that punctuation is not a part of the English language, but the court in interpreting a contract cannot ignore either the punctuation or the grammatical construction of the language used. Contracts must be construed as written. Here there is some significance in the grammatical construction of the word "or" used to connect the words "aeronautics" and "submarine". "Or" is a conjunction, disjunctive and correlative, used to connect coordinate words, phrases or clauses, that is, expressions having the same grammatical construction. It follows that unless "aeronautics" and "submarine" are both intended to be used as adjectives something not expressed in the contract must be added or something presently expressed must be eliminated. Any attempt to express the intent of the parties to the contract by supplying ostensible omissions or by eliminating any of the words or phrases used will disclose the futility of considering anything except the contract as written.

Assuming that the word "aeronautics" was intended by the parties to be used as an adjective, then the word "operations" in the exemption clause under consideration distinguishes that clause from the language construed by the Missouri courts in the Meredith, Flanders, and Wendorff cases, supra. In Webster's New International Dictionary (1940) the word "operation" is defined as the "Act of operating, or putting into or maintaining in, action; as, the operation of a machine, railroad, etc." In Gits v. New York Life Ins. Co., 7 Cir., 32 P.2d 7, 9, 10, the court in construing the exemption clause in an insurance policy reading "from engaging in submarine or aeronautic operations" said, "Surely the employment of the word *operations* tends more certainly to indicate an intended continuous

228

and occupational relation" than do the words "engaging in aviation." In no true sense can a paying passenger in a common carrier airplane be said to participate in "aeronautics operations." He does not share in the operation of the machine, and his presence aboard the plane has none of the characteristics of an occupation.

Since the language used in the exemption clause here has not been considered by the Missouri courts, it is necessary to consult authorities from other jurisdictions. This is in accordance with the Missouri practice. In State ex rel. Prudential Insurance Company v. Shain, 344 Mo. 623, 127 S.W.2d 675, 676, 677, the court said: "* * * in determining whether the language of a policy [of insurance] is ambiguous, since we have not previously considered the same or similar language, we may look to the decisions of other states." This is true, it is pointed out, because the rules governing the construction of contracts are settled throughout the nation. See, also, Brannaker v. Prudential Ins. Co. of America, Mo.App., 150 S.W.2d 498, 500.

We are satisfied that if the interpretation of the trial court is not right, then the most that can be said is that the clause in question is ambiguous. In reaching a like conclusion in the Gits case, supra, the court said: "The ambiguity and doubt are emphasized by the facility with which the insurer could have included passengers within the exception, were it so intended." That language is applicable to the present case. In Peters v. Prudential Ins. Co., 133 Misc. 780, 233 N.Y.S. 500, 501, an exemption clause reading "from having been engaged in aviation or submarine operations" was held to be ambiguous. The same result was reached in construing identical language in Price v. Prudential Ins. Co., 98 Fla. 1044, 124 So. 817, 820. See, also, Missouri State Life Ins. Co. v. Martin, supra; Massachusetts Protective Ass'n v. Bayersdorfer, 6 Cir., 105 F.2d 595.

We conclude that the language used in the present policy is ambiguous and its meaning doubtful; that the construction placed upon it by the trial court is a reasonable construction; that the decisions of the Missouri courts relied upon by the defendant are not in point and are not controlling; and that applying the Missouri rule giving the insured the benefit of the most favorable construction in cases of ambiguity and doubt the judgment of the district court must be affirmed.

The plaintiff has attempted to take a cross-appeal from certain findings of fact made by the court and the refusal of certain requested findings. The findings and the requested findings relate to the place where the contract was made or was to be performed. The attempted cross-appeal is wholly unnecessary since the rights of the plaintiff could be protected in this court on the defendant's appeal. An appellee may urge any matter appearing in the record in support of a judgment. Le Tulle v. Scofield, 308 U.S. 415, 421, 60 S.Ct. 313, 84 L.Ed. 355; Standard Accident Insurance Company v. Roberts, 8 Cir. 132 F.2d 794, decided December 31, 1942. The costs incurred in this court by reason of the cross-appeal will be taxed to the plaintiff.

The judgment appealed from is affirmed.