LIBERTY NATIONAL LIFE INSUR-
ANCE COMPANY, Appellant,

v.

Runnette B. DOBSON, Appellee.

No. 24072.

United States Court of Appeals
Fifth Circuit.

May 26, 1967.

Robert P. Gaines, E. Dixie Beggs, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for appellant.

D. L. Middlebrooks, Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, Fla., for appellee.

Before JONES, GEWIN and · SIMP-SON, Circuit Judges.

JONES, Circuit Judge:

In 1960 the appellant, Liberty National Life Insurance Company, issued a policy of insurance to Davis Harold Dobson upon his life in the amount of $25,000 payable upon his death to his mother, Runnette B. Dobson, the appellee. The policy contained an aviation exclusion provision in these terms:

"This policy is issued under the express condition that should the death of the Insured occur as a result of operating or riding in or descending from any kind of aircraft if the Insured is a pilot, officer or member of the crew of such aircraft, or is giving or receiving any kind of training or instruction or has any duties aboard or requiring descent from such aircraft, then in such event, the Company's liability shall be limited to a single sum equal to the greater of (a) the premiums paid on this Policy, together with interest thereon at the rate of 3% per annum, or, (b) the reserve under this Policy, less, in either event, any indebtedness on or secured by this Policy; but provided, however, that in no event shall such liability be greater than the amount payable in the absence of this provision."

The insured became a Private First Class in the Army. He was assigned to an aviation company stationed at Kitzingen (Germany) Army Airfield with a position as Radar Operator Repairman. He was a qualified operator of airborne infrared detection equipment. Such equipment was installed in and operated from military aircraft. Because of such duty, the insured received hazardous duty pay. By a military order, the insured was directed to accompany Lieutenant Walton P. Waller in an Army airplane, in which infrared detection equipment had been installed, for a rehearsal of a demonstra-

tion of such equipment at Gablingen Army Airfield which was about thirty minutes distant from Kitzingen. The flight from Kitzingen to Gablingen was made and the rehearsal was completed. Before leaving Gablingen for the return flight to Kitzingen, a new flight plan was filed which listed Dobson as a technical observer. He had no duties to perform aboard the aircraft on the return flight. The task assigned to him had been completed. His presence aboard was for the return to his home station. The plane crashed enroute and Dobson was killed.

Liberty National denied liability on its policy under the aviation exclusion clause. Suit was brought by the beneficiary in a Florida court and Liberty National removed to the United States District Court because of diversity of citizenship. There were no disputed facts. The sole question before the district court and this Court is whether at the time of the death of the insured, he was a member of the crew of the aircraft or had any duties aboard the aircraft. Florida law is controlling. Both the beneficiary and Liberty National moved for a summary judgment. The district court granted a summary judgment for the beneficiary. Liberty National has appealed.

The parties to the appeal do not cite nor has our search disclosed any decided case of an appellate court which construes language such as is in the exclusion clause of the policy before us in this appeal. It appears that Florida appellate courts have considered aviation exclusion clauses in only three cases. In Travelers' Insurance Co. v. Peake, 82 Fla. 128, 89 So. 418, it was held that there could be no recovery for the death of a passenger resulting from an airplane crash upon a policy of life insurance which excluded liability for injuries, fatal or non-fatal, sustained by the insured "while participating in or in consequence of having participated in aeronautics." A passenger in an airplane, said the court, is participating in aeronautics." The *Peake* case was followed in Pafford v. Standard Life Insurance Co. of Indiana, Fla., 52 So. 2d 910. In Price v. Prudential Insurance

Co., 98 Fla. 1044, 124 So. 817, an action was brought upon a policy of insurance which excluded liability if the death of the insured resulted "from having been engaged in aviation * * * operations." The declaration of the beneficiary alleged that the insured "was in a certain airplane" which "fell to the ground and caught fire" whereby the insured "was bruised and burned" and died as a result of the bruises and burns. The trial court sustained a demurrer to the declaration. In reversing, the Supreme Court of Florida held that being "engaged in aviation operations" means taking part in the operation of an airplane in some direct way other than by merely being in the airplane while it is in the air.

In considering whether Dobson was a member of the crew we look to his duties on board the aircraft rather than to the designation given him on the flight plan. Cf. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732. We conclude that a member of the crew of an aircraft is one who has a duty, while in flight, in connection with the navigation or operation of the aircraft. Such is the admiralty principle for determining the identity of members of the crew of a vessel. 1 Benedict on Admiralty 6th Ed. Knauth 247, § 79; 2 Norris, Law of Seamen 317–318, § 655. We think the analogy is applicable. The infrared detection equipment may have required the aircraft to carry it aloft for its operation, and the presence on board of Dobson was undoubtedly required for the operation of this equipment. But however necessary the aircraft may have been for carrying the detection equipment and its operator Dobson, neither the equipment nor Dobson were essential or even useful in the operation of the aircraft. The *Price* decision does not require the conclusion we have reached. We think it may point in that direction.

Even if it be assumed that Dobson was a crew member at the time of the flight from Kitzingen to Gablingen and during the rehearsal, which assumption.

is rejected, his duties had ceased and he was a deadheading passenger on the return trip. The judgment of the distict court for the insured was proper.

Both appellant and appellee have discussed decided cases from a number of jurisdictions, none of which give this Court any aid. No purpose would be served by citing and distinguishing them.

In a motion for reconsideration in the district court Liberty National urged, and it renews the contention before this Court, that a Florida decision has established a decisive rule of law contra to the decision here reached. It directs our attention to a judgment of the Court of Record of Escambia County, Florida, a trial court of limited territorial jurisdiction, where the appellee here, Mrs. Dobson, was denied recovery against another insurer under a policy on the life of her son which contained an aviation exclusion clause identical with the clause in the Liberty National policy which is the basis of this litigation. The district court, in this case, denied the motion for reconsideration and adhered to its decision that Mrs. Dobson was entitled to a judgment as a matter of law. An almost all-fours situation was present in King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, reh. den. 333 U.S. 878, 68 S. Ct. 900, 92 L.Ed. 1153. The Supreme Court held that the decision of the trial court was not conclusive as to the law of the state under the Erie-Tompkins rule. See Wright, Federal Courts 202; Hart and Wechsler, Federal Courts and the Federal System 628 et seq.; Shelp v. National Surety Corporation, 5th Cir. 1964, 333 F.2d 431, cert. den. 379 U.S. 945, 85 S.Ct. 439, 13 L.Ed.2d 543. The Florida trial decision is not controlling.

As always in diversity cases where the decisions of the appellate courts of the state furnish no light for the guidance of the Federal Courts, and each of conflicting views is plausible, we can only hope that our guess will be enlightened or inspired. In the case before us we decide, as the district court de-

cided, that the appellate courts of Florida would hold that the exclusion clause in the Dobson policy would not preclude recovery under circumstances such as were present in this case.

The judgment of the district court is Affirmed.