PER CURIAM.
Virginia K. Childs sued New York Life Insurance Company to recover as the beneficiary under the double indemnity provisions of a life insurance policy it had issued to her deceased husband. Defendant denied liability and alleged that the accidental death of her insured husband fell within this policy exclusion:
“ * * * the double indemnity benefit will not be payable if such death results from * * * travel or flight in any kind of aircraft (including falling or otherwise descending from or with such aircraft in flight) while the insured is participating in aviation training in such aircraft, or is a pilot, officer, or other member of the crew of such aircraft. * * *»
During trial defendant attempted to introduce into evidence the insured’s pilot’s license, medical certificate and logbooks, the license and medical certificate of the only other occupant of the aircraft which crashed and certain portions of the Federal Aviation Regulations and the Code of Federal Regulations. Plaintiff objected solely on the grounds of materiality and relevancy and the objections were sustained. The jury verdict and final judgment were for plaintiff and defendant has appealed.
On appeal defendant argues the issues raised by the pleadings were: (1) was the insured a pilot of the aircraft; (2) was the insured a member of the crew of the aircraft; and (3) was the insured participating in aviation training; and that the aforesaid evidence was material and relevant to these issues.
Plaintiff believes that even if this argument is correct the error was harmless because there was direct evidence elicited by defendant from one of its witnesses that the insured “was a pilot”; was “the pilot of the aircraft” at the time of the crash; and the other occupant “was a student pilot flying with him”.
The record shows the Piper Cub aircraft which crashed had dual controls; the main instrument panel was in the front seat of the tandem seated aircraft; and the deceased insured was seated in the front seat and the occupant in the rear seat.
It appears to us that the evidence in question was material and relevant to the issues of whether the insured was a *290 member of the crew of the aircraft or was participating in aviation training at the time of the crash. See Liberty National Life Ins. Co. v. Dobson, 377 F.2d 861 (5th Cir. (1967); Baugher v. Boley, 63 Fla. 75, 58 So. 980 (1912); Zabner v. Howard Johnson’s Incorporated of Florida, Fla.App.1969, 227 So.2d 543; and 13 Fla.Jur. Evidence § 128. We, therefore, reverse and remand for a new trial.
We find no error in the exclusion of oral testimony of a witness concerning a statement of the deceased passenger regarding the purpose of the fatal flight. The proffer shows that the testimony sought from this witness was not relevant or material to the issues involved herein.
Accordingly, the final judgment is reversed and the cause remanded for a new trial.
It is so ordered.