[No. 3330.   Feb. 4, 1930.]

McMULLEN v. UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, OF INDIANAPOLIS, IND.

[285 Pac. 489.]

T. J. Mabry, of Albuquerque, for appellant.

E. D. Lujan and George S. Klock, both of Albuquerque, for appellee.

## OPINION OF THE COURT

CATRON, J.

The United Brotherhood of Carpenters and Joiners of America appeals from a judgment in favor of one of its members in the sum of four hundred dollars.

The material facts are: Appellee joined the order in 1903 and continued to be a member thereof until suspended in 1908 for nonpayment of dues; in 1909 he applied for reinstatement, giving the date of his birth, which showed him to be a few months over the age of fifty; he was, in accordance with the requirements of appellant's constitution and laws, initiated and admitted as a new member; in 1917, while working as a carpenter, appellee suffered injury which totally disabled him in his trade; he filed his claim with the Brotherhood and exhausted all remedies within the order as required by appellant's constitution and laws; from the time of his reinstatement and admission into the order as a new member until some time after the injury, he continually paid the dues required of a beneficial member, which the order, or its local union, accepted and retained.

Appellant's constitution and laws provide:

"Section 45B. A member owing a local union any sum equal to six months' dues shall be dropped from membership without a vote of the union, and his name be stricken from the books. After that he can be readmitted only as a new member, subject to such readmission fee as provided for in the By-laws of their Local Union or District Council, together with the sum of Three ($3.00) Dollars, which shall be forwarded to the Local where he was dropped.

"Section 49A. A beneficial member to be entitled to donations must be not less than twenty-one and not over fifty years of age at the time of admission to membership and when he joined, must have been in sound health and not afflicted with any disease or subject to any complaint likely to endanger his health or cause permanent disability.

"Section 51A. Any beneficial member in good standing, who becomes permanently disabled for life by accidental injuries received not less than one year after becoming a member, and is thereby totally incapacitated from ever again following the trade for a livelihood, shall be entitled to a disability donation as prescribed in these laws, and this shall relieve the United Brotherhood from any further obligation, and upon the payment of his claim the Financial Secretary shall strike his name from the books, and he shall not be eligible for readmission in any Local Union of the United Brotherhood only as an honorary member."

They also provide, in section 52A, for the admission of apprentices and persons between the ages of fifty and sixty as semibeneficial members, but, as we understand, such members do not participate in total disability donations.

Appellant contends that appellee, being over the age of fifty years when initiated into the union, was absolutely ineligible as a beneficial member and therefore not entitled to any disability donation; that notwithstanding payment by appellee for many years immediately prior to his total disability, of the dues payable by a beneficial member and the acceptance and retention thereof by the Brotherhood, it could not waive the disqualification and pay the total disability claim contrary to the express inhibition in its constitution and laws contained.

Appellant's constitution and laws unquestionably fix the age limit of beneficial members and their participation in total disability donations. The evidence, however, discloses that the dues payable by beneficial and semibeneficial members are not the same; that appellee did not misrepresent his age but correctly gave it; that for many years he paid the dues required by a beneficial member, which the order accepted and retained.

The order having without question accepted and retained such dues for some sixteen years must be deemed to have considered and classified appellee as a beneficial member. The record contains no pleading or suggestion

of restitution by appellant. Under the circumstances, appellant not only waived appellee's disqualification but is estopped from now questioning his status and rights as a beneficial member of the order. 45 C. J. (Mutual Benefit Insurance) §§ 119-120; 19 R. C. L. (Mutual Benefit Societies) 102; Furey v. Supreme Council Catholic K. and L., etc., 146 Ill. App. 168; Home Mut. Ben. Ass'n. v. Rowland, 155 Ark. 450, 244 S. W. 719, 28 A. L. R. 86; Dromgold v. Royal Neighbors of America, 261 Ill. 60, 103 N. E. 584; Richardson v. Brotherhood of Locomotive F. & E., 70 Wash. 76, 126 P. 82, 41 L. R. A. (N. S.) 320; Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S. W. 456, 47 A. L. R. 876.

Finding no error, the judgment of the trial court will be affirmed and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and SIMMS, JJ., did not participate.