**39 P.(2d) 1023**

## SNEDDON v. MASSACHUSETTS PROTECTIVE ASS'N, Inc.

### No. 3976.

Supreme Court of New Mexico.

Jan. 10, 1935.

Pearce C. Rodey, Joseph L. Dailey, and Don L. Dickason, all of Albuquerque, for appellant.

Herbert C. Denny and Henry S. Glascock, both of Gallup, for appellee.

HUDSPETH, Justice.

This is an action on an accident insurance policy. A jury was waived, judgment was for plaintiff, and defendant has appealed. The legal question presented is whether the insured met his death under circumstances excepted under the terms of the policy. Paragraph G of the policy sued upon reads as follows: "G. This policy does not cov-

er death or other loss due to disease, whether acquired accidentally or otherwise, or sustained as the result of participation in aviation, aeronautics or subacquatics, or while engaged in rioting, fighting, or strikes; or death caused by surgical treatment except such as may result from surgical operation made necessary solely by injury covered by this policy and performed within ninety days of the date of the accident."

The material facts are stated in paragraph 5 of the amended complaint as follows: "That on the 27th day of November, 1932, and while said insurance policy was in full force and effect, and while the parties thereto were bound by all of the terms and conditions of said policy, the said James Sneddon met his death due to bodily injuries effected directly and independently of all other causes by accidental means and not as the result of self destruction or any attempt thereat; that said death was caused by wounds and injuries incurred and suffered by the said James Sneddon in an airplane crash on the said 27th day of November, 1932, in which an airplane owned by one Wood and one Irick, and then and there as plaintiff is informed and verily believes, driven, operated and controlled by said Irick, did accidentally fall and/or crash upon the street within the Town of Gallup, County of McKinley and State of New Mexico; that said James Sneddon was a casual invited passenger in said airplane. * * *"

Appellee contends that the judgment should be sustained because the excepted clause above quoted does not relieve the insurer-appellant for two reasons: First, a casual invited passenger in an airplane is not participating in aviation or aeronautics; second, the exception clause applies only to death due to disease. Appellee maintains that there is no real distinction between the term "engaged in aviation" and "participating in aviation," and cites cases annotated in 69 A. L. R. 331. The weight of authority is against appellee's contention. See Head v. New York Life Insurance Co. (C. C. A.) 43 F.(2d) 517, where Judge Orie L. Phillips reviews the authorities; also First National Bank of Chattanooga v. Phœnix Mutual Life Insurance Co. (C. C. A.) 62 F.(2d) 681. In Peters v. Prudential Insurance Co., 133 Misc. 780, 233 N. Y. S. 500, 502, the court, in distinguishing between the use of the words "engage" and "participate," said: "If it was intended to except occasional rides in an airplane by a passenger, the author of the language should have employed some other expression, such as 'participating in,' used in Bew v. Travelers' Ins. Co., 95 N. J. Law, 533, 112 A. 859, 14 A. L. R. 983, Travelers' Ins. Co. v. Peake, 82 Fla. 128, 89 So. 418, and Meredith v. Business Men's Acc. Ass'n of America, 213 Mo. App. 688, 252 S. W. 976. Not having done so, the expression 'engaged in aviation' should be given its ordinary meaning and the impression that would be made upon the mind in reading the clause. The word 'engaged,' as thus employed, gives the impression that it means 'something more than occasional participation.' "

We are constrained to hold that flying in an airplane is participating in aviation or aeronautics.

 The second point—that the exception clause applies only to death due to disease—is based upon the theory that the clause should receive a strict grammatical construction, being part of an insurance contract prepared by the insurer, and that, where the reference of a modifier is uncertain, it should be construed as modifying the nearest word that it could modify.

Beal on Cardinal Rules of Legal Interpretation (3d Ed.) p. 68, states: "Words of reference are in general referred to that to which the context appears properly to attract it—to the last sensible antecedent."

32 C. J. p. 1152, § 262, lays down the following rule of construction: "Contracts of insurance should be given a fair, reasonable, and sensible construction, such as, it is to be assumed, intelligent business men would give it, rather than a strained, forced, unnatural, unreasonable, or strict, technical interpretation, or one which would lead to an absurd conclusion, or render the policy nonsensical."

It is admitted that the exception clause quoted above is far from perfect, viewed from a literary or grammatical standpoint, but, unless the language is ambiguous, the well-recognized rule that the contract must be given the construction favorable to the insured would not apply. One of the authorities on English who commented on the clause at the request of appellee said: "The sentence would become much clearer if the words 'death or other loss' had been repeated before the word 'sustained.' This obviously was what was meant."

We are in accord with this view as to the obvious meaning: "This policy does not cover death or other loss * * * sustained as the result of. participation in aviation or aeronautics." This is the only reasonable idea conveyed by the words used, and we do not feel that the court should seek out other strained or unusual meaning, even though it may have support from a purely technical standpoint.

It follows that the judgment must be reversed and the cause remanded to the district court, with directions to dismiss the complaint.

It is so ordered.

SADLER, C. J., and BICKLEY, ZINN, and WATSON, JJ., concur.