53 P.(2d) 641

# NATIONAL MUT. SAVINGS & LOAN ASS'N v. HANOVER FIRE INS. CO. OF CITY OF NEW YORK.

## No. 4083.

Supreme Court of New Mexico.
Jan. 20, 1936.

S. M. True, of Denver, Colo., and E. R. Wright and Donovan N. Hoover, both of Santa Fé, for appellant.

J. S. Vaught, of Albuquerque, and John T. Watson, of Santa Fé, for appellee.

BRICE, Justice.

This is an appeal from a judgment of the district court for $4,000 in favor of appellee as mortgagee of certain insured property destroyed by fire, and against appellant insurance company on account of the loss under its fire insurance policy in favor of J. R. Dooley, the owner of the property burned, made payable to appellee as mortgagee as its interest might appear.

The facts necessary to a decision here, taken from the findings of the court, are substantially as follows:

On April 16, 1930, the appellant issued its fire insurance policy in favor of J. R. Dooley for $4,000 whereby it insured against fire in that amount a dance hall near Albuquerque, N. M. The policy of insurance provided, among other things:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if * * *; or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." Also

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee * * * the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto."

Pursuant to the last-quoted provision there was attached to such policy a certain rider known as "National Board Standard Mortgage Clause, Form No. 127," in which it was provided that the loss should be payable to appellee as its interest appeared; and which contained the following provisions: "This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title, or possession of the property, nor by any increase of hazard; Provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same; and Provided, further that the mortgagee (or trustee) shall notify this Company of the commencement of foreclosure proceedings, and of any notice of sale relating to the property, and of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, the same shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for any increased hazard; * * * Failure upon the part of the mortgagee (or trustee) to comply with any of the foregoing obligations shall ren-

der the insurance under this policy null and void as to the interest of the mortgagee (or trustee)."

The property was destroyed by fire on the 8th day of December, 1930, at which time there was a balance due on appellee's mortgage of $8,000. On the 1st of November, 1930, the holder of a *second mortgage* against the same property brought a foreclosure proceeding against J. R. Dooley, making appellee a party thereto, in which appellee acknowledged service of summons on the 5th day of November, 1930; but did not notify the appellant of the commencement of such proceedings.

The answer to one question is decisive of this case: Is the policy sued on void because appellee failed to notify appellant of the commencement of proceedings to foreclose the second mortgage? The answer is found by construing the phrase "the mortgagee shall notify the company of the commencement of foreclosure proceedings" as it appears in the quotation we have made from the rider attached to the policy. If this language has reference to proceedings to foreclose any mortgage or trust deed secured by the property insured, then the failure to give notice of the commencement of proceedings to foreclose the second mortgage rendered the policy void, and in such case the cause should be reversed and dismissed; but if it referred only to proceedings to foreclose appellee's mortgage, then the judgment of the district court should be affirmed.

■ 1. The insurance policy involved in this suit is to be construed liberally in favor of the insured.

"Conditions for forfeiture in the printed forms of insurance now in general use * * * should be strictly construed against the insurer, and in favor of the insured, when invoked by an insurance company to limit or avoid its liability. No intendment will be indulged in to invalidate a policy which the language used does not require." Fire Ass'n v. Patton, 15 N.M. 304, 107 P. 679, 682, 27 L.R.A.(N.S.) 420.

"If the language of the policy is ambiguous and susceptible of more than one construction, it should be construed strictly against insurer who prepared it and liberally in favor of insured; and this rule has been applied with particular force to conditions and exceptions in the policy, especially those clauses which relate to matters after the loss, or provide for forfeiture, and it has been held that if the words are susceptible of the interpretation given them by insured, although in fact intended otherwise by insurer, the policy will be construed in his favor. The object of the contract being to afford indemnity, it will, in case of doubt, be so construed as to support the indemnity, and avoid forfeiture." 26 C.J. title Fire Insurance, § 70, p. 72.

■ The terms of the policy invalidate it as to the insured if *"with the knowledge of the insured foreclosure proceedings be commenced or notice given of sale of any*

property covered by this policy by virtue of *any mortgage* or trust deed." There is no punctuation in this phrase, and we construe it to mean that the policy becomes invalid if, with the knowledge of the insured, foreclosure proceedings are commenced by virtue of any mortgage or trust deed; or if, with the knowledge of the insured, notice is given of sale of any property covered by the policy by virtue of any mortgage or trust deed. Couch Enc. of Insurance Law, p. 3518, holding that the proceeding referred to was the foreclosure of the lien mentioned in the policy and no others.

"Notice given of sale" under this provision in the standard policies has been construed to be notice given of extrajudicial sales under mortgages and deeds of trust authorized by the terms of such contracts. Such sales have been abolished in this state (chapter 139, N.M. Session Laws 1929, appearing in the Comp. Stat. 1929 as section 117-301), so that if "any notice of sale relating to the property" has reference to notice of sales without judicial proceedings, that provision would be inoperative because of the statute just mentioned. That it does have reference to such notices is the conclusion arrived at by a number of authorities. In 2 Clement on Fire Ins., at page 213, under the caption "Meaning and Application of the Phrase 'Notice Given of Sale,'" it is stated: "The phrase in the condition, 'or notice given of the sale of any property', etc. (see Rule 1), means that the policy shall be void if the insured confers upon the mortgagee the right to enforce the mortgage extrajudicially, by merely giving notice of sale, and the mortgagee proceeds to enforce the mortgage in that manner, and is inoperative in a state where such a mode of enforcing mortgages is unknown."

Clement cites to this text Stenzel **v.** Pennsylvania Fire Ins. Co., 110 La. 1019, 35 So. 271, 272, 98 Am. St. Rep. 481, from which we quote as follows: "We are further of opinion that there was not given to plaintiff a notice of sale by virtue of a mortgage, within the meaning of the clause that the policy should be void 'if notice be given of sale of any property covered by this policy by virtue of any mortgage or trust deed.' This clause must be read in the light of the fact that in some states, and notably in Pennsylvania, the home of the defendant company, there is such a thing as enforcing a mortgage extrajudicially, by simply giving notice of sale, and that the policy in which this clause is found is what is known as a 'Standard Policy'; that is to say, not a document drawn up specially to evidence this particular contract of insurance, but a printed form used for all the insurance written by the defendant—in fact, imposed upon the defendant by a statute of the state of its domicile. As to standard policies, see 9 Am. & Eng. Ency. p. 222. As to enforcing mortgages by mere notice of sale, see 9 Ency. Plead. & Prac. pp. 111, 114, 165, 166, 783. Bearing, then, in mind that in a number of states, and notably in the home state of defendant, mortgages may be enforced in two ways—by foreclosure proceedings, and

by an extrajudicial giving of notice of sale—we readily see what is meant by the stipulation, 'if foreclosure proceedings be commenced or notice given of the sale of any property covered by this policy by virtue of any mortgage or trust deed.' The scope and meaning of the stipulation is then, in reality, this: That the policy shall be void if the insured confers upon the mortgagee the right to enforce the mortgage extrajudicially, by merely giving notice of sale, and such mortgagee proceeds to enforce the mortgage in that manner. Evidently the condition is one which can, in the nature of things, have no operation in this state, where such a mode of enforcing mortgages is unknown; and, as a consequence, in this state the clause stands in the policy as mere harmless surplusage." That decision was handed down in 1903 and was followed as late as 1932 by the court of Louisiana in Isaac Bell, Inc., v. Security Ins. Co. of New Haven, 175 La. 599, 143 So. 705.

The Montana Supreme Court in Baker v. Union Assur. Soc. of London, 81 Mont. 281, 264 P. 132, 135, took the same view, from which we quote as follows:

"We shall first consider the second of the defensive matters pleaded. The notice of sale therein referred to, and which it is claimed voided the policy, is the notice published and posted by the sheriff in connection with the sale of property under the foreclosure proceedings mentioned. The provisions of the policy do not apply to such a notice. The notice contemplated by the policy is one given in the enforcement of a mortgage under a power of sale which may be included therein and without court proceedings. Stenzel v. Pennsylvania Fire Ins. Co., 110 La. 1019, 35 So. 271, 98 Am.St.Rep. 481; 26 C.J. 239, and cases cited.

"In 4 Joyce on Insurance, § 2270B, it is said:

"'But a condition in a policy that it shall be void if, with the knowledge of the insured, notice of sale of any of the insured property shall be given by virtue of any mortgage or trust deed, has reference to extrajudicial enforcement of a mortgage by means of notice to the mortgagor.'

"The publication and posting of this notice, therefore, did not operate to render the policy void under the provisions thereof above quoted."

The clause of the policy referring to notice of sale of the property by virtue of any mortgage or trust deed is inoperative and mere "harmless surplusage" as it was considered in Louisiana and Montana. Chapter 139, Laws 1929, which is carried into N.M.Stat.Ann.Comp.1929 as section 117-301, provides: "No real property or any interest therein shall be sold under or by virtue of any power of sale contained in any mortgage, mortgage deed, trust deed or any other written instrument having the effect of a mortgage, which shall have been executed subsequent to the time this act shall go into effect." This clause was probably designed, be-

cause of some confusion in the decisions as to whether the enforcement of a mortgage by virtue of a sale under a power of sale in a mortgage constitute "foreclosure proceedings," to make sure that the language would cover both. Couch Ency. of Insurance Law, p. 3517.

Now coming to the construction of the provision in the rider, which is the decisive question: "The mortgagee shall notify this company of the commencement of foreclosure proceedings, and of any notice of sale relating to.this property," etc., we hold that "any notice of sale" had reference to any notice of sale of the insured property under power of sale in a mortgage or deed of trust and is inoperative in this state. Excluding it we have the following left of this provision to consider: "The mortgagee shall notify the company of foreclosure proceedings, * * * and of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee." We have found but one case (and no other has been cited by counsel) where this particular provision in the rider has been construed, and that is Newark Fire Ins. Co. of Colorado v. Pruett, 75 Colo. 564, 227 P. 823. The appellant there contended that it referred to the foreclosure of mortgages *other* than that of the insured mortgagee, who had commenced foreclosure proceedings without giving notice to the insurer. It was held, however, that the failure to give notice violated the terms of the contract and voided the policy. That court said: "Counsel for de-

fendant in error urge that the requirement of notice refers only to possible mortgages other than the one mentioned in the mortgage clause, because of the words 'which shall come to the knowledge of said mortgagee,' which, they say, could not refer to the mortgagee's own mortgage; but that is not the obvious or natural meaning, and it is clear from the form of the sentence that these words do not refer to any mortgage, but only to change of ownership or occupancy or increase of hazard. This is indicated by the words 'and of—and of' separating the ideas preceding and following them, but more certainly by the purpose of the condition, namely, to guard against increase of hazard by foreclosure."

The terms of the policy invalidated it as to the insured if *"with the knowledge of the insured* foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of *any mortgage* or trust deed." This clearly invalidated the policy if foreclosure proceedings under any mortgage were commenced if within the knowledge of the insured; whereas, the provision in the rider does not require notice of proceedings *within appellee's knowledge* nor does it refer to the foreclosure proceedings *in any mortgage* as in the policy binding the insured. As appellee was the mortgagee in the particular mortgage referred to in the rider, and as we have stated that the "foreclosure proceedings" which invalidated the policy as to the insured under one of its provisions had reference solely to the fore-

closure of the lien mentioned in the policy and no others, we hold the provision "that the mortgagee shall notify this company of the commencement of foreclosure proceedings" has reference solely to such proceedings under the mortgage referred to in the rider, in the absence of something in the policy indicating it was intended to include proceedings for the foreclosure of *any mortgage* against the property. If the rider required the mortgagee to notify the insurer of the commencement *of any* foreclosure. proceedings *coming to his knowledge* there would have been nothing ambiguous about it. A subsequent mortgage could be foreclosed without appellee's knowledge of the proceedings and not affect its interest. It could not have given notice of proceedings of which it had no knowledge. We therefore hold that the provision in the rider requiring appellee to give appellant notice of foreclosure proceedings applied solely to such proceedings commenced by virtue of appellee's mortgage.

2. Other questions are presented, but they become immaterial in view of the conclusion we have reached. But it might be suggested in passing that appellant's contention that section 71-168, Comp.Stat. Ann.1929, is unconstitutional, was not presented for decision to the district court, and therefore could not be considered here. State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242.

Also appellee claimed·that the insurance company attached the wrong rider to the policy; that under the proper rider it was not required to give any notice of foreclosure proceedings. But this could not avail appellee here: First, because it sued on the policy as it was made; and, second, it requested no finding of fact covering such evidence and none was made by the court. We have stated the latter rule so often it is unnecessary to cite the cases.

There being no error in the record, the judgment of the district court is affirmed. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.