## TRAVELERS PROTECTIVE ASS'N OF AMERICA v. JONES.

### No. 8283.

Circuit Court of Appeals, Fifth Circuit.

July 26, 1937.

Rehearing Denied Aug. 26, 1937.

Harry T. Gray, of Jacksonville, Fla., and Maurice P. Phillips, of St. Louis, Mo., for appellant.

W. McL. Christie, of Jacksonville, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit as beneficiary to recover $5,000 on a policy of accident insurance for the death of her husband. The case was submitted to the jury on a stipulation as to the facts. A verdict was directed in her favor, with interest and attorney's fees. Error is assigned to that action of the court.

The material facts appearing from the record are these: Cornelius Frazier Jones was a class "A" member of the Travelers Protective Association of America, appellant, a fraternal benefit association, and the holder of an insurance certificate issued by it, under which $5,000 was payable to his wife as beneficiary in the event of his death by accident. He died on June 17, 1933, as the result of an automobile accident on June 15, 1933. He was required to pay semiannual dues of $7.50, and any special assessments levied by the board of directors, under the provisions of the constitution and by-laws of the association, to be a member in good standing and to keep the insurance in force. On January 1, 1933, he paid his semiannual dues of $7.50, which extended his membership to June 30, 1933. In April, 1933, a special assessment of $2 was levied, which was required to be paid within 30 days after the date of mailing of the notice from the home office in St. Louis. Notice was mailed to Jones on April 13, 1933, which informed him that payment of the assessment must be made on or before May 15, 1933, or benefits under the policy would cease. The constitution and by-laws contained provisions to the effect that if any member failed to pay any special assessment within the time provided, he would cease to be a member in good standing, but might be restored to good standing by payment within 30 days after default. But that neither he nor his beneficiary would be entitled to any benefits under the policy while he was in default. Another notice was mailed to Jones some time between June 1 and June 15, 1933. After the accident and while he was in a semiconscious condition from his injuries, this notice was found in his personal checkbook, in an envelope addressed to him, which had been opened. The material parts of this second notice are as follows:

378

"The Travelers Protective Association of America. 3755 Lindell Boul., St. Louis, Mo.

Special Notice. ·

Special Assessment $2.00. $7.50 Semi-Annual Dues.

Due and payable on or before June 30, 1933, $9.50, will put you in good standing to Dec. 31, 1933.

Please remit to your State Secretary to address on back hereof.

If Address below is not correct please make necessary change.

C. F. Jones,   254858
Box 1177,   Fla. A.
Jacksonville, Fla.  .

Return this Notice with remittance to Your State Secretary.

Dear Sir:

Above you will find a Special Notice for Assessment and Semi-Annual Dues.

At the time this was mailed we had not received your remittance for the Special Assessment of $2.00 due on May 15th.

It will be necessary therefore, that you add this amount to your remittance for the Semi-Annual Dues, otherwise your State Secretary can not issue you a receipt for the Semi-Annual Dues.

We are pleased to say that a very small percentage neglected to remit for the Special Assessment and you are given this opportunity of paying it at this time with the Semi-Annual Dues.

We trust we may have your prompt remittance.

Yours fraternally,
T. S. Logan, Nat'l. Secy.

P. S. Inclosed you will find a statement explaining the necessity for the Special Assessment.

Please remit at once and make same payable to

R. C. Dugan,
Sec'y. Fla. Div. T.P.A. of A.,
Box 1030,
Jacksonville, Fla."

The special assessment was not paid before the accident. On June 17, 1933, $9.50 was tendered to appellant and refused.

Appellant pleaded the nonpayment of the special assessment as barring recovery. To this appellee pleaded waiver and estoppel, based on the second notice above set out.

It would serve no useful purpose to review the many decisions cited by the parties, as the apparent conflict arises upon the facts, not upon any principle of law. It is well settled that forfeitures of insurance policies are not favored. Any course of action by an insurance company which leads the insured to believe that an extension has been granted for the payment of a premium and that in the meantime forfeiture of his policy will not be incurred, is a waiver of contrary provisions in the contract and the insurer is estopped to urge them. New York L. Insurance Co. v. Eggleston, 96 U.S. 572, 24 L.Ed. 841; Supreme Lodge, Knights of Pythias v. Kalinski, 163 U.S. 289, 16 S.Ct. 1047, 41 L.Ed. 163. Of course, the insured in a mutual benefit association is charged with knowledge of the provisions of its constitution and by-laws and is bound thereby, but there is no doubt the association, through its proper officers, may waive them. On the reverse of the first notice was a quotation from the constitution and by-laws relied on by appellant, but this quotation was omitted from the second notice. It is immaterial whether Jones actually knew the provisions of the constitution and by-laws. If there was no provision of the contract barring recovery, there would be nothing for the insurer to waive. Waiver cannot be predicated upon the first notice, but there was nothing in the second notice to indicate that the association was insisting upon the provisions of the constitution and by-laws. On the contrary, the notice clearly indicated to Jones that the insurance was kept in force by the grace of the association and he had only to pay $9.50 by June 30th, which date had not arrived when he was injured. This naturally lulled him into a sense of security. The plea of waiver and estoppel was good. It was not error to direct the verdict.

Other assignments are without merit and require no discussion.

The judgment is affirmed.