**HINSHAW v. NEW ENGLAND MUT. LIFE INS. CO.**

**SAME v. MASSACHUSETTS MUT. LIFE INS. CO.**

**Nos. 11392, 11393.**

Circuit Court of Appeals, Eighth Circuit.

May 31, 1939.

Rehearing Denied June 27, 1939.

Ira B. Burns and John A. McGuire, both of Kansas City, Mo., for appellant.

Richard S. Righter, of Kansas City, Mo. (Lathrop, Crane, Reynolds, Sawyer & Mersereau and R. Arch Smith, all of Kansas City, Mo., and George Hoague, of Boston, Mass., on the brief), for appellee New England Mutual Life Ins. Co.

Edgar Shook, of Kansas City, Mo. (Sebree, Sebree & Shook and Sam B. Sebree, all of Kansas City, Mo., and Wesley E. Monk and John F. Handy, both of Springfield, Mass., on the brief), for appellee Massachusetts Mut. Life Ins. Co.

Before GARDNER and WOODROUGH, Circuit Judges, and BELL, District Judge.

GARDNER, Circuit Judge.

So far as the issues presented in these two appeals are concerned, they in effect arise from two actions at law brought by appellant's predecessor to recover the sums paid by way of single premiums for two annuity contracts, one issued by the appellee New England Mutual Life Insurance Company, and the other by the appellee Massachusetts Mutual Life Insurance Company. The suits were initiated by appellees, each having filed suit for a declaratory judgment against appellant. It will be convenient to refer to the parties as they appeared below.

To the petitions filed by plaintiffs, defendant filed amended answers and cross-petitions seeking relief as by an action for rescission and for money had and received. Defendant set out in these cross-petitions the alleged facts thought to justify rescission of the contracts, and sought to recover from the New England Mutual Life Insurance Company the sum of $9,-414.30, the single premium paid for an annuity contract by Mary E. Voss, less $700 paid her in her lifetime, and from the Massachusetts Mutual Life Insurance Company the sum of $15,062.88, the single premium paid for an annuity contract by Mary E. Voss, less $1120 paid her in her lifetime. In these answers and cross-petitions, it was alleged in substance: (1) That the agent of the insurance companies represented to the deceased that in seventeen years she would receive back the single premium paid by her with four per cent interest, whereas she would not have done so for twenty-one years and six months; (2) that when the deceased applied for the annuities she was afflicted with Bright's disease, which materially shortened her expectancy, and which was known to the plaintiffs; (3) that the agent of the plaintiffs gained her confidence by asserting that he was acting for her best interests, and thus became her fiduciary; (4) that the agent represented to the deceased that the payments and premiums under the annuity contracts were calculated and based upon the Combined Annuity Table mentioned in the contract, whereas they were not based thereon, and that if they had been based thereon, with interest at four per cent, the monthly payments would have been materially increased and the premium materially reduced; (5) that the deceased at the time of entering into said contracts was in weakened physical and mental condition, and was physically and mentally distressed, and because thereof was susceptible to influence by other persons.

In the Massachusetts Mutual case, there is no allegation that the agent represented that the payments and premium were calculated and based on an annuity table, but there was an allegation that the contract contained the provision that the

premium and reserves were based on the McClintock Annuitant Table, with interest at four per cent per annum, when in fact they were not so computed and based, and if they had been the premium would have been reduced or the monthly payments increased accordingly.

The affirmative allegations of these cross-petitions were put in issue by replies filed by the plaintiffs. The actions were consolidated and tried together by consent of the parties.

Pursuant to Rule 49 of the District Court Rules, 28 U.S.C.A. following section 723c, the court required the jury to return only a special verdict in the form of written findings. In response to interrogatories submitted, the jury found: (1) That Miss Voss (the annuitant) was suffering from a serious malady which would probably shorten her life, when she signed the application for the annuities; (2) that W. F. Gentry (the agent soliciting the annuities) did not know that she was suffering from a serious malady, or that it would shorten her life; (3) that Miss Voss, before she signed the applications, did not know that she was suffering from a serious malady; (4) that Mr. Gentry did not represent to Miss Voss that the single premiums would, if she lived, be returned to her with four per cent interest in not to exceed seventeen years; (5) that Mr. Gentry did not represent to her that in the transaction he was acting solely for her benefit as her agent, representative, counsellor and adviser; (6) that Mr. Gentry did not falsely represent to her the difference in monthly payments between a refund and non-refund annuity; (7) that when Miss Voss signed the application for the annuities, she was not so physically and mentally afflicted that she was susceptible of being easily influenced by others, including Gentry; (8) that Mr. Gentry did not know that she was susceptible to be easily influenced by others, if she was; (9) that Miss Voss had sufficient mentality to understand that she was purchasing a non-refund type of annuity; (10) that Gentry did not know that Miss Voss did not have sufficient mentality to know she was purchasing a non-refund annuity, if she hadn't; (11) that if Mr. Gentry made the representation referred to in question 4 (that the single premium would be returned with interest in seventeen years), he did not do so for the purpose of inducing her to sign the applications; (12)

that if Mr. Gentry made the representation referred to in question 4, Miss Voss was not misled thereby and did not act upon such representation in applying for the annuities; (13) that if Mr. Gentry made the representation referred to in question 6 (i. e. falsely state the difference between the monthly payments in a refund and non-refund annuity), he did not do so to induce her to sign the applications; (14) that if Mr. Gentry made the representations referred to in question 6, Miss Voss was not misled thereby and did not act thereon in applying for the annuities; (15) "Did W. F. Gentry tell Mary E. Voss that the premium and reserve on the annuities mentioned in evidence were based on the annuity table adopted by the insurance companies in their contracts? Answer: Yes."

Neither of the parties demanded the submission of any other questions or issues to the jury.

On the return of these special findings, the court entered judgments in favor of the plaintiffs and dismissed the cross-petitions of the defendant. There was no general verdict. The parties have stipulated that there was substantial evidence at the trial to support each of the first fourteen findings of fact made by the jury.

Defendant on this appeal seeks reversal contending (1) that the plaintiffs are liable on the cross-petitions for money had and received, though they are innocent and even though Gentry was not an agent; (2) that when plaintiffs instituted these actions they ratified the complete transaction out of which the subject matter arose; (3) that Gentry stood in a fiduciary relationship to Miss Voss and owed her the duties arising therefrom; (4) that a unilateral mistake is ground for rescission; (5) that Miss Voss is presumed to have relied upon the representations of fact made to her by Gentry.

It appears from the evidence that the annuity contracts were both procured through the personal solicitation of Mr. Gentry.

It will simplify the record if we first consider what questions are properly presented for our review. Defendant's cross-petitions did not seek to recover for a unilateral mistake, nor for a mutual mistake, but the plaintiffs were charged with wrongful and fraudulent acts. This question can not therefore be first presented

on appeal. Wolfberg v. State Mutual Life Assurance Co., 8 Cir., 36 F.2d 171; Kincaid v. Birt, Mo.Sup., 29 S.W.2d 97. No mistake having been pleaded nor claimed in the lower court, and no finding asked from the jury on that question, there is no basis for urging the claim here.

The claim that Gentry stood in a fiduciary relationship to Miss Voss, and for that reason owed her the duties arising therefrom, is conclusively determined against the defendant by the finding of the jury number 5. Much of the argument in support of defendant's contentions is bottomed on the erroneous assumption that a fiduciary relationship existed between Gentry and Miss Voss. The parties have stipulated that the findings of the jury are sustained by substantial evidence, and hence, we must accept this finding and consider the issues in the light of such finding.

The jury also found that Miss Voss was not so physically and mentally afflicted that she was susceptible of being easily influenced by others. It also appears from these findings that if Gentry made any representations to Miss Voss that were untrue, she was not misled thereby, nor did she act thereon. If, as found by the jury, she was not induced to enter into the contracts and purchase these annuities by any misstatements or misrepresentations that Gentry may have made, whether they were made knowingly or innocently, then we need pursue that inquiry no further. To be grounds for the rescission of a contract, the false statements must have been relied upon and must have induced the opposing party to enter into the contract. Maupin v. Provident Life & Accident Ins. Co., Mo.App., 75 S.W.2d 593; Gittings v. Jeffords, 292 Mo. 678, 239 S.W. 84; Boatmen's Nat. Co. v. M. W. Elkins & Co., 8 Cir., 63 F.2d 214; Roosevelt v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 752; Pain v. Kiel, 8 Cir., 288 F. 527.

No fiduciary relationship having been established, the parties were dealing at arm's length.

Miss Voss was a successful business woman and had accumulated during the fifteen years preceding the transactions here involved a place of business and something like $40,000 in Government bonds. She was an active business woman of good judgment and alert intelligence. At the time she purchased these annuities, she also purchased from the New England Mutual Life Insurance Company a joint annuity for Mr. and Mrs. Hinshaw, for which she paid $10,000, and by which they, or the survivor of them, will receive $50 a month. Mrs. Hinshaw was a sister of Miss Voss. Other business transactions and relations are disclosed by the evidence, and it appears that Gentry was recommended to Miss Voss by one of her particular friends, but in view of the findings of the jury and the stipulation that the findings are sustained by substantial evidence, these matters are of little materiality.

The jury found that Gentry told Miss Voss that the premium and reserve on the annuities mentioned were based on the annuity table adopted by the insurance companies in their contracts. Counsel indulge in considerable discussion as to whether or not this was a misstatement of a present fact. It is strenuously urged by plaintiffs that the statement was true, but whether true or false, it is contended that it was not material because the contracts on their face plainly and unequivocally state the amounts payable to the annuitant, and hence, that she could not have been misled. In support of this argument, counsel cite Atlantic Life Ins. Co. v. Pharr, 6 Cir., 59 F.2d 1024; Bostick v. Life Insurance Co. of Virginia, 5 Cir., 93 F.2d 557; Moss v. Ætna Life Insurance Co., 6 Cir., 73 F.2d 339.

Miss Voss lived long enough to collect substantial sums under each of these contracts, and it is pointed out that after her death defendant's predecessor, in a representative capacity, made further collections. There was no finding that Miss Voss relied upon this statement by Mr. Gentry, nor that she was influenced or induced thereby to enter into the contracts. The burden of proof was upon the defendant to prove every element necessary to constitute actionable fraud. Maupin v. Provident Life & Accident Ins. Co., supra; Troll v. Spencer, 238 Mo. 81, 141 S.W. 855, Ann.Cas.1913A, 276; Story v. Story, 188 Mo. 110, 86 S.W. 225; United States v. Mammoth Oil Co., 8 Cir., 14 F.2d 705. We can not, therefore, presume, in view of the finding that no fiduciary relationship existed between Miss Voss and Gentry, that Miss Voss relied upon the statement made by Mr. Gentry, even if it should be conceded to be false and material.

There was no request to submit any further questions to the jury. Rule 49,

supra, provides that if in submitting special questions to the jury, "the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict." The court made no finding, but entered judgment for the plaintiffs, and hence it will be assumed that the court made a finding in accordance with the judgment.

No error appearing on this record, the judgments appealed from are affirmed.