### HARRIS v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.

#### No. 2678.

Circuit Court of Appeals, Tenth Circuit.

July 17, 1943.

Ernest A. Polansky, John F. Simms, and J. Ernest Corey, all of Albuquerque, N. M., for appellant.

Pearce C. Rodey, Don L. Dickason, and Frank M. Mims, all of Albuquerque, N. M., for appellee.

---

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On August 22, 1922, the Pacific Mutual Life Insurance Company[1] issued to Elbert Harris[2] a $5,000 policy of life insurance. The policy contained a provision reading in part as follows:

"Should the Insured, before attaining the age of sixty years and while this Policy is in full force and no premium thereon in default, become so disabled as to be totally and permanently unable to perform any work or engage in any occupation or profession for wages, compensation or profit, * * * the Company will waive the payment of future premiums and pay the Insured Fifty Dollars immediately on receipt of due proof of such disability * * * and a like sum on the first day of each month thereafter as long as the Insured shall live, * * *

"Should the Insured at any time thereafter, when required by the Company, (such requirement, however, not to be exacted more frequently than once a year,) be unable to furnish due proof of the continuance of his right to the foregoing benefits, the Company will discontinue the same and require the payment of any premiums which may thereafter become due under the conditions of the Policy, * * *."

Katherine L. Harris, as administratrix of the estate of the insured, brought this action against the Insurance Company to recover certain disability benefits and the amount of certain premiums paid. In her complaint she alleged that the insured became totally and permanently disabled within the meaning of the policy on October 1, 1933, and continued to be so disabled from that date until June 24, 1937, when he died. She sought to excuse insured's failure to furnish due proof of such disability to the Insurance Company by alleging that he suffered from physical and mental incapacities which made it impossible for him to furnish such proof. The trial court sustained the motion to dismiss the complaint and entered a judgment dismissing the action. The administratrix has appealed.

The sole question presented is whether failure to furnish due proof of total and permanent disability of the insured is excused when such disability renders him unable to furnish such proof.

The insurance contract is to be interpreted in accordance with the laws of the state wherein delivery thereof was made.[3] The record here does not disclose specifically the place of delivery but it is a fair inference from the briefs that the policy was delivered in New Mexico. The courts of New Mexico have not passed on the question. The decisions of other jurisdictions are in sharp conflict.[4] The New Mexico decisions hold that a policy of insurance should be construed liberally in favor of the insured.[5]

The furnishing of due proof of disability was a condition precedent to the Insurance Company's obligation to waive the payment of future premiums and to pay the disability benefits, but it was not the event insured against. It was a condition imposed to protect the Insurance Company against spurious claims. The insured had incurred total and permanent disability, the risk insured against; inability to furnish such proof grew out of that disability; and to deny recovery would work a forfeiture.

Impossibility that would discharge the duty to perform a promise excuses a condition precedent if the existence or occurrence of the condition is no material part of the exchange for the promisor's performance and the discharge of the promisor will operate as a forfeiture.[6]

Under the holdings of most of the American courts, the facts here alleged

[1] Hereinafter called the Insurance Company.

[2] Hereinafter called the insured.

[3] Mutual Life Insurance Co. v. Johnson, 293 U.S. 335, 339, 55 S.Ct. 154, 79 L.Ed. 398.

[4] See Mutual Life Insurance Co. v. Johnson, 293 U.S. 335, 338, 55 S.Ct. 86, 79 L.Ed. 646; Notes, 142 A.L.R. 852 and 68 A.L.R. 1389.

[5] Nikolich v. Slovenska Nardona Podporna Jednota, 33 N.M. 64, 260 P. 849, 851; Collier v. Union Indemnity Co., 38 N.M. 271, 31 P.2d 697, 700; National Mutual S. & L. Ass'n v. Hanover Fire Ins. Co., 40 N.M. 44, 53 P.2d 641, 643.

Cf. Sneddon v. Massachusetts Protective Ass'n, 39 N.M. 74, 39 P.2d 1023, 1024.

[6] Williston on Contracts, Rev.Ed., Vol. 3, §§ 676, 808; Restatement of Contracts, § 301(b); Johnson v. Mutual Life Ins. Co., 4 Cir., 70 F.2d 41, 44, 45.

would excuse performance of the condition precedent.[7] We think the New Mexico courts would follow the majority rule.

The claim was not asserted until after insured's death in 1937, almost four years after the disability is alleged to have occurred. Since due proof was not furnished, the administratrix should not be permitted to recover unless she establishes the alleged disability by clear, satisfactory, and convincing evidence.

The judgment is reversed and the cause remanded with instructions to overrule the motion to dismiss and reinstate the complaint.

---

[7] Johnson v. Mutual Life Ins. Co., 4 Cir., 70 F.2d 41, 44; Williston on Contracts, Rev.Ed., Vol. 3, p. 2272.