## HICKS v. SUNRAY OIL CO.
### No. 10508.

Circuit Court of Appeals, Fifth Circuit.

Nov. 16, 1943.

938

W. Edward Lee, of Tyler, Tex., for appellant.

Edward Howell and Forney Hutchinson, both of Tulsa, Okl., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellant, as plaintiff, sued· for the specific performance of an agreement made by him to sell certain oil and gas leases to the defendant.

The contract provided that the assignee would pay the assignor the cash consideration on or before a certain date or as soon thereafter as title was approved by attorneys for assignee.

The contract also provided that abstracts of title covering the tracts of land should be delivered to the assignee within one hundred twenty days, and that the abstract should be examined by assignee's attorney within thirty days of delivery of the abstract, and title should be approved upon proof showing a merchantable title, or upon showing by affidavit by two reputable, disinterested persons that title to said tract had ripened in assignor, or his assigns, under and by virtue of any of the statutes of limitations of the State of Texas, provided neither the assignor nor the assignee has received notice of claims adverse to the title represented by the lease or leases or an interest or interests therein to be transferred under the terms of this agreement and contrary to the facts or statements as shown by the affidavits.

The defendant answered, among other things, that its attorneys had not approved, but had disapproved, the title to said leases and had furnished to the plaintiff a written statement of their disapproval, and that in the opinion of the attorneys the title was neither merchantable nor good by prescription, and that the objections raised in said written opinion were not corrected to the satisfaction of said attorneys.

A trial, before the judge, resulted in a finding and decree in favor of the defendant. The evidence is not included in the record on appeal. Nor did appellant request additional findings to those that were made.

Appellant asserts that the court below refused the relief sought solely on the theory that under the contract in question the approval of the title by attorneys for the purchaser was essential before the defendant could be bound to accept and pay for the leases, unless it was shown that defendant's attorneys acted in bad faith or arbitrarily. He also insists that the contract in question is not one in which the opinion of the purchaser's attorneys was final and conclusive, but contends that if, in fact, the titles were merchantable, or shown to have been good by prescription, the defendant was obliged to accept the assignments and pay therefor. The appellee vigorously contends to the contrary and cites authorities claimed to be in support.

It is true that the lower court found that the attorneys for the defendant had never approved the title to the tracts in question, but on the contrary expressly disapproved and rejected the title, and that there was no evidence offered on behalf of plaintiff to show that the rejection by said attorneys of the title to said leasehold estates was either arbitrary or in bad faith. But the lower court went further and stated: "it is expressly found that the attorneys for defendant acted in entire good faith in refusing to approve the titles tendered by plaintiff". The court did not expressly state in his findings that the abstracts failed to show a merchantable title or a title as required by the contract, but the inference to be drawn from the finding that the purchaser's attorneys were acting in good faith in turning down the title, in the absence of the evidence or a finding to the contrary, is that the title was not, in fact, of the character required by the contract, and consequently they acted in good faith in rejecting it. We must assume that there was evidence before the lower court to support such a finding. The finding by the lower court that purchaser's attorneys acted in good faith in rejecting the title, absent a finding or evidence to the contrary, must be taken by us as a finding in effect that such title was, in fact, defective, for it would be difficult to understand how the lower court could

have held that purchaser's attorneys were acting in good faith, if in fact, they had rejected as defective a title that was clearly merchantable or was such a title as the contract required.

The lower court not only found that there was no evidence of bad faith on the part of the attorneys in disapproving the title, but expressly found that they acted in good faith, and the affirmative finding of good faith must be presumed to have been supported by the evidence.

In the absence of a finding that the title was merchantable or such as the contract required, and in the absence of the evidence in the trial below, and in view of the finding of the court that purchaser's attorneys acted in good faith in rejecting the title, we cannot say that the lower court was in error, and the judgment is, therefore, affirmed.