## ÆTNA INS. CO. v. RHODES.

### No. 3638.

United States Court of Appeals
Tenth Circuit.

Sept. 30, 1948.

Waldo Rogers, of Albuquerque, N. M., for appellant.

Wm. A. Sloan, of Albuquerque, N. M. (Don L. Dickason, of Alburquerque, N. M., and C. C. Royall, Sr., of Silver City, N. M., on the brief), for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and BROADDUS, District Judge.

BROADDUS, District Judge.

The Aetna Insurance Company on August 15, 1946, issued to B. O. Rhodes a fire insurance policy upon merchandise of that type or class usual to tire repair shops, including customers' goods, in a given location in Silver City, New Mexico, and insuring Rhodes against loss by fire in the provisional amount of $33,750.00, the limit for liability for all contributing insurance being $45,000.00. When the policy was issued, Rhodes was conducting a tire service business and he continued to do so, with the merchandise reasonably required for that business, until January 17, 1947, when the merchandise and customers' goods in the possession of Rhodes were destroyed by fire.

As the merchandise and supplies would fluctuate in the usual course of the conduct of the business, the policy carried a value reporting clause, the pertinent portion of which required as a condition that the insured should report to Aetna, not later than thirty days after the last day of each month, the total value of the property insured. The clause further provided that, should the plaintiff fail to file with Aetna any monthly report, the policy, subject to all its terms and conditions, covered only the amounts of the values included in the last monthly report.

Aetna refused to pay upon proper demand and suit was filed to recover the value of the merchandise destroyed. Upon trial, there were submitted to the jury three interrogatories,—the first on whether Rhodes rendered the monthly reports to Aetna of the value of the property covered by the policy, the second seeking the time of such reports and the month for which each was rendered in the event the jury should find that any reports had been filed, and the third as to the loss suffered on the property insured. The jury replied to the first interrogatory that no monthly reports had been filed from the issuance of the policy to the time of the fire, thereby making an answer to the second unnecessary. In answer to the third interrogatory, the value of the property destroyed was fixed at $31,353.69. Judgment was entered by the Court in the amount found.

It is urged by Aetna that failure to file the monthly valuation reports during the life of the policy is a breach of the condition requiring reports monthly and hence the policy was forfeited by its terms and not in force at the time of the destruction of the property by fire.

No authority has been cited and none has been found presenting the construction of a sufficiently similar clause for monthly valuation reports, or the effect of such a clause, when applied to like facts, to be either controlling or persuasive. We must rely then on the rules of construction ordinarily applied to insurance contracts generally. Under the New Mexico law, an insurance policy should be construed liberally in favor of the insured. Harris v. Pacific Mutual Life Insurance Co., 10 Cir., 137 F.2d 272; Nikolich v. Slovenska Narodna Podporna Jednota, 33 N.M. 64, 260 P. 849, 851; Collier v. Union Indemnity Co., 38 N.M. 271, 31 P.2d 697, 700; National Mutual Savings & Loan Ass'n v. Hanover Fire Ins. Co., 40 N.M. 44, 53 P.2d 641, 643; Sneddon v. Massachusetts Protective Ass'n, 39 N.M. 74, 39 P.2d 1023, 1024. Conditions for forfeiture are within the rule as forfeitures are not favored, and where doubt arises as to the proper construction of an insurance contract that view will be adopted which will prevent an annulment of the policy. McMaster v. New York Life Ins. Co., 183 U.S. 25, 22 S.Ct. 10, 46 L.Ed. 64; Railway Mail Ass'n v. Moore, 4 Cir., 15 F.2d 547; New York Underwriters' Fire Ins. Co. v. Malham & Co., 8 Cir., 25 F.2d 415; Travelers

Protective Ass'n of America v. Jones, 5 Cir., 91 F.2d 377. An insurance policy that may reasonably be construed in more than one way will be given the meaning beneficial to the insured. Aschenbrenner v. U. S. Fidelity & Guaranty Co., 292 U.S. 80, 85, 54 S.Ct. 590, 78 L.Ed. 1137; American Surety Co. v. Pauly, 170 U.S. 133, 144, 18 S.Ct. 552, 42 L.Ed. 977; Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 322, 48 S.Ct. 512, 72 L.Ed. 895; Sentinel Life Insurance Co. v. Blackmer, 10 Cir., 77 F.2d 347, certiorari denied 296 U.S. 602, 56 S.Ct. 119, 80 L.Ed. 427; Fireman's Fund Ins. Co. v. Globe Nav. Co., 9 Cir., 236 F. 618.

Numerous stipulations and clauses of the policy were designated as conditions by its terms but it is significant in this respect that there was no express declaration of forfeiture or of the voiding of the policy except where the insured should willfully conceal or misrepresent the material facts or circumstances concerning the insured, the subject thereof or the interest of the insured, or for any fraud or false swearing by the insured relating to the policy. The monthly valuation report clause to the effect that should the plaintiff fail to make any monthly report then the policy covered only the values included in the last report, in the light of the parties' express intent to permit cancellation only in the event of actual fraud, is strongly indicative that no forfeiture was intended for failure to furnish the monthly valuation reports; and that the penalty for such failure was to limit the recovery to the valuation fixed by the last report furnished. It should be borne in mind that the value of the merchandise was fixed in the policy on the day of its issuance and that such valuation was controlling until the next monthly report was due. Any valuation fixed by the insured under the provisions of the policy, including the valuation named when the policy was issued, or endorsed thereon, limits the recovery to the value of the stock on hand last reported; and excludes effectively all subsequent increase in the stock on hand not reported.

■■ That no forfeiture of the benefits of the policy for failure to make the monthly reports was intended is shown by the other provisions of the policy. The policy carries a full reporting clause, known generally as the "honesty clause," which under the facts in this case would limit the liability to that portion of any loss which the last reported value bears to the actual value at the time of the report. The formula for determining the liability then would be:

$$\frac{\text{Reported Value}}{\text{Actual Value}} \times \text{Loss} = \text{Liability}$$

Illustrating the working of the formula, if the reported value in a given case is $30,000.00, the actual value $40,000.00 and the actual loss $30,000.00, the figures in the formula would be as follows:

$$\frac{\text{Reported Value \$30,000}}{\text{Actual Value \ 40,000}} \times \text{Loss \$30,000} = \frac{\text{Liability}}{\$22,500}$$

The loss is reduced in the proportion shown by the formula but the formula is not intended to be applied when the reported value exceeds the actual value as illustrated by the following:

$$\frac{\text{Reported Value \$40,000}}{\text{Actual Value \ 30,000}} \times \text{Loss \$30,000} = \frac{\text{Liability}}{\$40,000}$$

Following the formula under such circumstances would result in a recovery of more than the amount of the value of the property insured or destroyed which is prohibited by the provisions of the policy limiting recovery to the actual value of the property destroyed and the policy of law as well. There is, however, a penalty for over-valuation under the premium adjustment clause of the policy as the amount of the premium is computed upon the average of the valuations shown in the reports. If the insured overstates the value of the property it goes into the total from which the average is determined and the premium calculated. As a result, the insured pays a premium on property he does not possess. Such is the working of the full reporting clause, and when so understood it will be seen that the failure to report, the reporting of overvalues and the reporting of under-values carry their respective penalties. Under the rule that a policy will be reasonably construed to the benefit of the insured, no other penalty, such as forfeiture, may be presumed and none will be allowed.

■ Apparently Aetna did not believe that failure to make the valuation reports forfeited the policy for, with knowledge that

four reports were past due, it gave no notice of cancellation, and with knowledge of failure to file the first report it furnished the insured with an endorsement effecting a reduction in the premium and showing a return premium due the insured. We must further assume that the evidence of the trial established beyond question a waiver of the provision. The conduct of Aetna, buttressed by such assumption, establishes a waiver of the failure of the insured to furnish the reports. Schenley Distillers Corporation v. United States, 2 Cir., 90 F. 2d 633; Home Ins. Co. v. Hightower, 5 Cir., 22 F.2d 882, 62 A.L.R. 620; California Ins. Co. v. Bishop, Tex.Civ.App., 228 S.W. 1010, 1011. See McMullen v. United Brotherhood of Carpenters, etc., 34 N.M. 523, 285 P. 489. Should it be assumed that the valuation given in the policy may not be treated as a statement of the value and hence controlling as to the reported value until a monthly report be made, and that the parties contemplated the use of the monthly reports only in fixing the reported value under the value reporting clause, then the waiver of the provision of the value reporting clause excludes the operation not only of that clause but the full reporting clause as well. For under such view, the full reporting clause determines liability on the last valuation report as one of the necessary factors in such determination, and the waiver of the provision with reference to valuation reports must be regarded as a waiver also of the operation of the full reporting clause. In the absence of these two clauses, the general provision which insures against loss by fire to the extent of the actual value of the property destroyed is controlling, not to exceed the provisional valuation named in the policy.

During the trial, Aetna offered certain interrogatories and instructions pertinent thereto for the purpose of supplying the most favorable factors from its standpoint, for application to the liability formula. The interrogatories sought the determination by the jury of whether certain inventories, identified as Defendant's Exhibits, A, B, C and D were furnished Aetna after the fire as valuation reports and the actual value of the property as of the date thereof. Exhibit B is not a valuation re-

port or a portion of one and for that reason the question was improperly framed. The evidence of the trial is not before us but assuming the exhibits were before the jury, and overlooking the improper inclusion of Exhibit B in the interrogatory, there is nothing here to show that the inventories were delivered to Aetna, the day of the delivery or that they were valuation reports or intended as such. In the absence of such a showing it must be presumed that they were not valuation reports and were not delivered to Aetna. Error is not to be presumed but must be affirmatively shown. Morgan v. Sun Oil Co., 5 Cir., 109 F.2d 178; Junghans v. Junghans, 12 App.D.C. 129, 112 F.2d 212. Every reasonable assumption is required to be indulged in in favor of the judgment (Boley v. Griswold, 87 U. S. 486, 20 Wall. 486, 22 L.Ed. 375; Fraser v. Doing, 76 U.S.App.D.C. 111, 130 F.2d 617; Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875); and where the evidence is not a part of the record it will be presumed that it supports the jury's verdict and the court's judgment. Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807; Weiss v. District Title Ins. Co., 74 App.D.C. 126, 121 F.2d 900; Carter Oil Co. v. Norman, 7 Cir., 131 F.2d 451; Hicks v. Sunray Oil Co., 5 Cir., 139 F.2d 937; Zimmerman v. Harding, 227 U. S. 489, 33 S.Ct. 387, 57 L.Ed. 608. Furthermore, under the policy, the provisional value of $33,-750.00 fixed by endorsement on August 26, stood as the reported value until a monthly valuation report would thereafter be made. There being no other reported value, then the actual value was to be determined as of the time of the last provisional valuation, the date of the endorsement. It is reasonable to presume that the value of that date, as shown by the policy, was its approximate value and that the evidence upon trial showed such value, in which event the factors of the formula would be supplied as follows:

$$\frac{\text{Reported Value } \$33,750}{\text{Actual Value } \ \ 33,750} \times \text{Loss } \$31,353.69 = \frac{\text{Liability}}{\$31,353.69}$$

Under Rule 49(a) of the Rules of Civil Procedure, if the Court omits any issue of fact raised by the pleadings or evidence in a case submitted to a jury upon interrogatories, each party waives his right to a decision by the jury of the issue so

omitted unless before the jury retires he demands its submission. 28 U.S.C.A. The only demand made by Aetna for a determination of values was as of the time of the fire, a date not permissible or material under the policy and a date presumptively for which there was no evidence justifying the submission of that issue to the jury. It follows that the determination of the actual value of the property on the controlling date, the time of the endorsement of the provisional value on August 26, if controverted, was waived; and it will be assumed that the trial court made a finding agreeable to the judgment. 28 U.S.C.A.; Hinshaw v. New England Mutual Life Ins. Co., 8 Cir., 104 F.2d 45.

■ Before judgment was entered, Aetna moved for the Court to adjudicate the actual value of all the property covered by the policy as of the date of the fire, whether the exhibits heretofore identified were furnished as valuation reports, and that should the Court refuse to adjudicate the actual value of the property at the date of the fire then the Court supply such value from the proof of loss furnished by Rhodes. Aetna relied wholly upon the evidence at the trial and no additional evidence was offered or received on the hearing of the motion. We must then assume there was no evidence supporting the motion and if any appears in the record, such as the proof of loss, it should not be considered as the controlling valuation of the property insured. We have seen that under the provision of the policy the reported values and actual value are to be fixed as of the time of the last valuation report and if no such report has been filed, then as of the date of the policy, or any endorsement thereof changing the provisional valuation of the policy, and that the time of the fire does not control these values under the liability formula. That being so the request was for an adjudication of facts immaterial to the case and presumptively without any supporting evidence.

■ Aetna also moved for an ascertainment by the Court of the value of the salvage of the property damaged by the fire. The jury, in answer, to an interrogatory, fixed "the loss suffered by the plaintiff on the property covered by the policy" in a definite amount. We do not and may not assume that the value of the salvage was not considered by the jury and excluded from this amount.

The judgment is affirmed.